60 P.(2d) 208

## STATE v. BLEVINS.

### No. 4181.

Supreme Court of New Mexico.

Aug. 17, 1936.

J. C. Gilbert, of Roswell, for appellant.

Frank H. Patton, Atty. Gen., and Edward P. Chase, Asst. Atty. Gen., for the State.

ZINN, Justice.

Appellant was indicted and convicted in the district court of Chaves county on an information charging him with selling "* * * * one neat cattle of the property of R. L. Durham, without having any right to sell the same, contrary to the provisions of Section 35-1617, New Mexico Statutes Annotated, 1929 Compilation." He was sentenced to a term in the penitentiary of not less than five years nor more than five years. From this judgment and sentence the case is here on appeal.

Two grounds are assigned by appellant for reversal. Only one need be considered, inasmuch as a determination of it is decisive. Appellant contends that he should have been prosecuted under the provisions of Comp.St.1929, § 35-2405, rather than under the provisions of section 35-1617. Section 35-1617, so far as material, reads as follows: "That any person who sells or who offers to knowingly sell any property of which he is not the owner, or which he has not been given the right to sell 'shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment at hard labor in the penitentiary for not less than one year nor more than ten, or shall at the discretion of the court be fined not less than five hundred dollars nor more than five thousand dollars and costs of prosecution."

Section 35-2405, so far as material, reads: "Any person who shall steal, embezzle, or knowingly kill, sell, drive, lead, or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine, or ass; * * * shall be deemed

guilty of a felony, and on conviction thereof in any court of competent jurisdiction shall be punished by imprisonment not less than one year nor more than five years, and by a fine not less than five hundréd dollars ($500.00) nor more than five thousand dollars ($5,000.00), at the discretion of the court."

Had appellant been prosecuted under section 35-2405, the resulting difference to him might have been in the penalty. Section 35-1617 provides a minimum of one year and a maximum of ten instead of only five years. The possible prejudice to the appellant is in the increased penalty which Laws 1929, c. 58, § 1, imposes, the appellant being. a second offender. The appellant does not question the evidence sustaining the conviction.

It will be observed from a comparison of so much of these acts as is copied supra that both indict the same offense; namely, a sale of property not owned by the seller. We attach no significance to the fact that the animal statute uses the term "knowingly" in connection with the sale prohibited, whereas the other uses that word only in connection with prohibiting the offering for sale. Certainly no conviction could be had or sustained under either statute if the violation were not shown to be willful.

We start with the premise that both acts condemn the same offense. A conviction under one statute could be pleaded as former jeopardy against a subsequent prosecution under the other statute. If this conclusion be correct, it renders absolutely certain the premises assumed.

The question then arises: Does the state have a choice in the matter of initiating prosecutions for the sale of chattel property of the kind and description named in the special statute, section 35-2405? We conclude that it does not. In 59 C.J. 1056, at section 623 under the subject "Statutes," the rule is stated as follows: "Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, unless it appears that the legislature intended to make the general act controlling; and this is true a fortiori when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage. It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later,

the special statute will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication."

That this principle is not confined to civil cases is shown by a mere reference to the citations under the text just quoted. One of such citations, Indian Fred v. State, 36 Ariz. 48, 282 P. 930, was similar to the case under consideration, in that the operation of the special statute affected the sentence to be imposed and the special statute was held to control. See, also, criminal cases cited under note 99 on page 1058 of 59 C.J.

The text applied in State v. Garcia, 198 Iowa, 744, 200 N.W. 201, 202, for determining whether distinct offenses arise out of the same act or transaction, is as follows: "A single act may be an offense against two statutes, and, if each statute requires proof of an additional act which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution * * * under the other"—citing 8 R.C.L. 149, § 135, under "Criminal Law."

The test applied in the United States Supreme Court for determining whether the offenses inveighed against are the same or distinct offenses is well expressed in the case of Blockburger v. U. S., 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306, where the court said: "Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489 [490], and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Com., 108 Mass. 433; 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' Compare Albrecht v. United States, 273 U.S. 1, 11, 12, 47 S. Ct. 250, 71 L.Ed. 505 [510, 511], and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed."

Here, in so far as each statute indicts sale of the property of another, they describe but one offense, and, one of such statutes being special and the other general, the special statute should control to the extent of compelling the state to prosecute under it. In other words, the general statute is not operative as to the special kinds of property described in the special statute.

The nearest case in point (and even not as strong as this case) is Snitkin v. U. S., 265 F. 489, decided by the United States

Circuit Court of Appeals of the Seventh Circuit in an opinion written by Judge Baker. Although sympathetic to the minority view, we feel Judge Baker's reasoning the sounder. The court held that all of the canons of interpretation that apply to civil statutes apply to criminal statutes, and in addition the canon that they are to be strictly construed. It also held that the special statute controlled the general act, and that the government had no election as to which it would proceed under, the question being a judicial one.

We hold that in the instant case the state had no alternative in the matter but to prosecute the appellant under the special statute, to wit, section 35-2405. For the reasons given, the case will be reversed and the cause remanded to the district court. It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

BRICE, J., did not participate.