[Crim. No. 9225.  Second Dist., Div. Four.  April 13, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. VERNON EARL FIENE, Defendant and Appellant

306

Gerald D. Lenoir, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was found guilty by the court of a violation of section 667 of the Penal Code, petty theft with a prior conviction of a felony. Probation was denied and defendant was sentenced to a county jail term. He appeals from the judgment of conviction. A résumé of the facts is as follows:

On February 11, 1963, at about 3 a.m., defendant and two other men entered the Valley-Ho restaurant and ordered meals. After eating, defendant got up, went to the restroom for a few minutes, and then left the restaurant by the side exit. One of the two remaining men asked for and was given the check for the price of the meals. Approximately 10 minutes after defendant had left, the other two men started for the restroom, and then left by the same exit defendant had used. No one paid the check in the amount of about $8.00. The manager saw the two men leave and followed them outside. When he yelled at them, one of the men took off running. He then saw defendant standing behind a station wagon in the parking lot. When he shouted to some of his customers, who had emerged from the restaurant, asking that they get the police, defendant and the other man also ran off.

Two or three weeks prior to this episode a similar incident

took place at the same restaurant. Defendant and the first man to run, had come in, ordered meals and left without paying for them. On that occasion, after eating, defendant went to the restroom, the other man followed shortly thereafter, and then both left by the same side exit.

Defendant told an investigating police officer, who spoke to him at his home on the morning of the February 11 incident, that he had been home all night. However, he later told the same officer that he had been to the restaurant with the other two men; there had been no agreement as to who would pay; after eating he went to the restroom; he then left and walked home.

Defendant stated to another police officer that he had been drinking before he entered the restaurant; at the time he entered he had only 25 cents on his person; the first man who had run, Weeder, was going to pay the check. When the officer later told defendant he had talked with Weeder, and Weeder denied even being in the restaurant that morning, defendant said, ''Well, it wasn't Weeder that was going to pay the check. Some fellow in the next booth was going to pay. I don't know who he was.'' Defendant then said he had never seen the man in the next booth before.

At the trial, the People introduced records showing that defendant had two prior felony convictions and that he had served state prison terms as a result of each.

We find no merit in the sole contention raised by defendant, namely that the evidence is insufficient to sustain the verdict. The rules declared in *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778] require that we make such a finding. However, the Attorney General, with commendable objectivity, raises a much more serious question, one which is raised for the first time in these proceedings, and, one which, we believe, requires a reversal of the judgment.

The question presented is whether the existence of Penal Code, section 537 (the innkeeper statute), making it a misdemeanor to defraud an innkeeper, prevents the superior court from acquiring jurisdiction in this matter.

Section 537 reads in part: ''Any person who obtains any food ... at an hotel, inn, restaurant, ... without paying therefor, with intent to defraud the proprietor or manager thereof, ... is guilty of a misdeameanor.'' Defendant was charged with and convicted of the crime of petty theft with a prior conviction of a felony. (Pen. Code, § 667.) Section 484 of the Penal Code is the general statute defining theft.

The value of the property taken in the instant case was well under the $200 limit for petty theft.

■ The rule is well established that where a general statute, standing alone, includes the same matter as a special statute, and thus conflicts with it, the special act is to be considered as an exception to the general statute, whether it was passed before or after the general enactment. (*In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593]; *People* v. *Swann*, 213 Cal.App.2d 447, 449 [28 Cal.Rptr. 830].)

■ The Attorney General, in raising this issue, concedes that the elements of the special statute making it a crime to defraud an innkeeper (§ 537), are the same as the elements of petty theft, but nevertheless maintains, that the above stated rule should not be applicable in this case. It is argued that the Legislature did not intend that section 537 should be applicable where, as here, the defendant could be prosecuted under another statute providing a greater penalty. The Legislature, the Attorney General asserts, "would not want to give less protection to ... innkeepers and restaurant proprietors if the defrauding was carried out by a released felon." No authority has been cited, however, in support of such an interpretation.

In the case of *In re Joiner*, 180 Cal.App.2d 250 [4 Cal. Rptr. 667], the defendant, after taking his automobile to a garage for repairs, later entered the premises of the garage after closing hours, and, without permission, retook possession of the automobile. He was subsequently apprehended and charged with burglary and grand theft. The appellate court, relying on the rule stated in the case of *In re Williamson, supra*, held that the superior court was without subject matter jurisdiction to try defendant because his conduct came within the provisions of a special statute, section 430 of the Vehicle Code (now Civ. Code, § 3075, and formerly Pen. Code, § 537d), making it a misdemeanor for anyone by trick or device to take a vehicle held subject to a lien. (See also the recent case of *People* v. *Swann, supra*, decided by this court, wherein upon similar facts, the same rule was applied.) We feel that these cases are determinative in the instant case.

The judgment of conviction is reversed.

Burke, P. J., and Kingsley, J., concurred.