397 P.2d 26

STATE of New Mexico, Plaintiff-Appellee,

v.

John Robert ROMERO, Defendant-Appellant.

No. 7497.

Supreme Court of New Mexico.

Nov. 23, 1964.

Earl E. Hartley, Atty. Gen., Wayne C. Wolf, James V. Noble, Asst. Attys. Gen., Santa Fe, for appellee.

Zinn & Donnell, Santa Fe, for appellant.

CARMODY, Justice.

Having been found guilty by a jury of unlawful possession of narcotic drugs, the defendant appeals.

The questions raised are purely legal ones, and there is no necessity in relating the facts.

The information charged a violation of § 54–7–13, N.M.S.A.1953, "in that the said defendant did have in his possession, unlawfully, certain narcotic drugs, to-wit, cannabis indica, also known as marijuana." The proof at the trial was that the substances found in the possession of the defendant were "marijuana," and there was no other testimony identifying the substance by its true botanical name. Neither was there any testimony as to the chemical breakdown or grouping of the substance. It should be noted, however, that the proof was that the substance consisted of leaves and seeds, but not the mature stalk.

The statute under which the defendant was charged (§ 54–7–13, supra) provides as follows:

"Whoever, not being a manufacturer, wholesaler, physician, veterinarian, dentist, nurse acting under the direction of a physician, or an employee of a hospital or laboratory acting under the direction of its superintendment or official in immediate charge; or a common carrier or messenger when transporting any drug mentioned herein be-

tween parties hereinbefore mentioned in the same package in which the drug was delivered to him for transportation, is found in possession thereof, except by reason of an order or prescription lawfully and properly issued shall be punished as hereinafter provided."

Of necessity, the reference in the above section requires a consideration of a prior section of the statute containing definitions, and we find that the provisions of § 54–7–2, N.M.S.A.1953, insofar as pertinent here, are:

"* * *

"(14) 'Cannabis' includes all parts of the plant cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake.

"(15) 'Narcotic drugs' means coca leaves, opium, and cannabis, *and every substance neither chemically nor physically distinguishable from them.*

"* * *" (Emphasis added.)

The defendant urges that there was a fatal variance between the proof offered and the allegations of the information. This contention is upon the theory that the substance having been identified only as "marijuana," there was no evidence of a violation of the statute absent proof of possession of cannabis sativa L. In advancing this argument, defendant relies upon the literal meaning of § 54–7–2(14), supra, and seems to ignore completely the words in § 54–7–2(15), supra, following the word "cannabis." As we read the two definitions, subsection (14) is not intended as an entire definition of "cannabis" but only as an addition or extension of the word. When the legislature used the word "includes" in subsection (14), it certainly had some other meaning in mind than the word "means" in subsection (15). Compare Harris v. State, 1937, 179 Miss. 38, 175 So. 342. Thus subsection (15) is the controlling definition here involved, and subsection (14) was intended merely as a limitation or specification of the word "cannabis."

We also take note of § 54–7–40, N.M.S.A.1953, which sets forth the forms of pleading which may be used in complaints, informations or indictments under the Narcotic Drug Act. Included in these forms is the following:

"Unlawful possession.—That A. B. did have in his possession unlawfully certain narcotic drugs, to wit, morphine,

(cocaine, heroin, *or the name of the drug as it is commonly known*)."

(Emphasis added.)

The information in this case used the recommended form, and, additionally, specified the section claimed to have been violated and identified the type of drug as it is commonly known. Certainly, at least in this part of the United States, the word "marijuana" is the name by which the drug "cannabis" is most well known. It would unnecessarily lengthen this opinion to enter into a discussion or to quote at length from the various medical legal dictionaries which point out the similarity of identity of cannabis sativa L., cannabis, cannabis indica, hashish, and others, including marijuana with its diverse spellings; suffice it to say that apparently all the authorities are in accord with the definition of "cannabis" given in Schmidt's Attorneys' Dictionary of Medicine:

"Cannabis (kan'a-bis). The dried flowering tops of the Indian or American hemp plant *Cannabis sativa,* known popularly as marihuana, hashish, and bhang. It is used widely as a smoking material for its exhilarating effects which include exhaltation, morbid gaiety, a sense of unnatural well-being, etc."

And in Black's Law Dictionary, 4th ed., the following appears:

"MARIGUANA, MARIHUANA, MARIJUANA.

" 'Mariguana' is an annual herb, cannabis sativa, having angular rough stem and deeply lobed leaves. The bast fibres of cannabis are the hemp of commerce. A drug prepared from 'cannabis sativa,' designated in technical dictionaries as 'cannabis' and commonly known as marijuana, mariahuana, marajuana, maraguana, or marihuana, in Southern and Western states. * * *"

See also Gould's Medical Dictionary, 2d ed., and Stedman's Medical Dictionary, unabridged lawyers' ed.; see also State v. Navaro, 1933, 83 Utah 6, 26 P.2d 955, for a discussion of all of the various terms and the differences in spelling of "marijuana."

We conclude as a matter of law that marijuana is identical with cannabis, cannabis sativa L., and cannabis indica. Marijuana and cannabis indica are merely geographical oriented names of cannabis, whereas cannabis sativa L. is the botanical name of cannabis.

State v. Benavidez, 1962, 71 N.M. 19, 375 P.2d 333, strongly relied upon by the defendant, has no application to the present case, because, there, the proof was that the substance was "the mature stalk," and therefore there was no proven violation of § 54–7–13, supra.

State v. Loveless, 1935, 39 N.M. 142, 42 P.2d 211, and State v. Salazar, 1938, 42 N.M. 308, 77 P.2d 633, both relating to a material variance, are clearly distinguishable.

■ It is our considered judgment that the claim of a fatal variance is without merit, and that the information properly charged a violation of § 54–7–13, supra.

Our research discloses that the authorities support our conclusion that the information here attacked sufficiently described the narcotic drug as defined by statute. State v. Economy, 1942, 61 Nev. 394, 130 P.2d 264; People v. Yeargain, 1954, 3 Ill.2d 25, 119 N.E.2d 752; and People v. Savage, 1944, 64 Cal.App.2d 314, 148 P.2d 654.

■ Allied to the claim of variance, defendant also urges that the case should have been dismissed because the proof failed to show that the defendant was in possession of cannabis sativa L. "Marijuana" is the name by which cannabis is popularly known, and is neither chemically nor physically distinguishable. Thus the requirement of proof that it is a narcotic drug under the statute is satisfied.

We do take note of the fact that §§ 54–5–12 through 54–5–15, N.M.S.A.1953, relate to the importation, use and possession of "cannibas [cannabis] indica" and that §§ 54–5–14 and 54–5–15, supra, were enacted in 1935, being the same session during which the Uniform Narcotics Act was passed. These two latter sections apparently deal with another area of the marijuana problem, and have reference not only to possession, but the planting, producing or disposing of marijuana.

■ We do not believe that because there is perhaps another section of the statute under which the defendant could have been prosecuted that there can be construed therefrom any legislative intendment that marijuana was excluded from the definitions of § 54–7–2(14) and (15), supra. It does not appear that there has been any attempt to prosecute the defendant under both statutes, which, of course, if attempted, would bring other rules of law into play. We would also observe that subsequent sessions of the legislature commencing in 1953 adopted amendments to the Narcotic Drug Act, specifically mentioning the word "marijuana." See § 54–7–15, N.M.S.A.1953.

■ The defendant's final contention claims error in the trial court's refusal to give a requested instruction, which set out (with certain errors) the definition of cannabis in § 54–7–2(14), supra. The proposed instruction also directed the jury that it must have been proven beyond a reasonable doubt that the substance, claimed to have been possessed by the defendant, was cannabis sativa L., and not cannabis indica, or any other substance. In light of our pre-

vious discussion, the giving of such instruction would have prevented the jury from considering that the substance is commonly known by other names which have the same meaning. Therefore, the instruction did not correctly state the law. The trial court, in its instructions, did give the jury the definition of narcotic drugs as set out in § 54–7–2(15), supra, and no objection was taken to this instruction. Also the court, without objection on the part of the defendant, instructed the jury that their finding beyond a reasonable doubt that the defendant knowingly and unlawfully had marijuana in his possession would warrant a finding of guilt. Although perhaps it would have been helpful if the jury had been advised that, for all practical purposes, cannabis, or cannabis sativa L., and marijuana were one and the same, nevertheless the court, by its instructions, made this determination as a matter of law and the defendant is in no position to now object. The tendered instruction would have served to mislead the jury and therefore should not have been given, and, as stated, inasmuch as it did not correctly state the law, the trial court did not err in its refusal to grant the same.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.