407 P.2d 673

Ross ARAGON, Petitioner,

v.

Harold A. COX, Warden of the New Mexico
State Penitentiary, Respondent.

No. 7982.

Supreme Court of New Mexico.

Nov. 8, 1965.

Bigbee & Byrd, Arthur H. Coleman, Santa Fe, for petitioner.

Boston E. Witt, Atty. Gen., Harry S. Connelly, Jr., Sp. Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM:

The petitioner was sentenced to imprisonment for a term of not less than two nor more than ten years, following his conviction under the Narcotic Drug Act, which

·provides (§ 54–7–15, N.M.S.A.1953) that ·probation or parole shall not be granted ·until the minimum imprisonment provided for the offense shall have been served. Petitioner's parole was authorized by the ·state parole board to become effective De-·cember 24, 1964, less than two years after the sentence, but was cancelled when the ·statutory prohibition against parole was ·called to the attention of the board. Petitioner has brought original habeas corpus in the Supreme Court to test the constitutionality of the prohibition against granting parole until the minimum statutory sentence has been served.

Section 54–7–15, subd. D, N.M.S.A.1953, reads in part:

> "Upon conviction of any offense by an adult under the Uniform Narcotic Drug Act, the imposition or execution of a sentence shall not be suspended or probation or parole shall not be granted until the minimum imprisonment provided for the offense shall have been served."

The petitioner challenges that portion of the statute which prohibits parole until the minimum sentence has been served, upon the asserted ground that such prohibition is not expressed in the title of the act and, therefore, contravenes Art. IV, § 16 of the New Mexico Constitution, the pertinent portion of which reads:

> "The subject of every bill shall be clearly expressed in its title, and no bill

embracing more than one subject shall be passed except * * *."

The title of Ch. 146, Laws 1961 (§ 54–7–15, supra) is:
"An Act Relating to Narcotic Drugs and Marijuana;

> Amending Section 54–7–15, New Mexico Statutes Annotated, 1953 Compilation (Being Laws 1953, Chapter 25, Section 3, as Amended); to Prohibit Suspension or Deferral of Execution or Imposition of Sentence Under Certain Conditions; Increasing the Minimum Prison Sentence."

He argues that the title to the 1961 amendment to the Uniform Narcotic Drug Act is a narrow one, as in Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982, restricting the subject of the legislation to prohibiting the court from suspending the imposition or execution of sentence. We shall not again review our pertinent decisions, since they were extensively reviewed in Gallegos, where we said:

> "This court has repeatedly affirmed the principle that the title need not be an index of everything in the act itself, but need only give notice of the subject matter of the legislation and is sufficient if, applying every reasonable intendment in favor of its validity, it may be said that the subject of the leg-

islative enactment is expressed in its title. * * * "

See Martinez v. Cox, 75 N.M. 417, 405 P.2d 659. It was said in Albuquerque Bus Co. v. Everly, 53 N.M. 460, 211 P.2d 127, that whether the title is broad and sweeping or narrow and restrictive is primarily for the legislature, and the court must liberally construe the title and body of the act in support of its constitutionality.

Viewing this title and the subject of the legislation expressed in the body of the act, in the light not only of the cases supra, but of the principles enunciated in the many decisions reviewed in Gallegos, we turn to a definition of the terms employed in the questioned title. This title gives notice that the legislation not only prohibits "suspension or deferral of execution or imposition of sentence under certain conditions," but that it increases the minimum *prison* sentence.

 A sentence imposed in a criminal case may be served either within or without the penitentiary, and except for the prohibition of § 54–7–15(D), N.M.S.A.1953, as amended by Ch. 146, Laws 1961, a part of the minimum sentence imposed upon an adult convicted under the Uniform Narcotic Drug Act might be permitted by the parole board to be served outside the penitentiary. Owens v. Swope, 60 N.M. 71, 287 P.2d 605. The effect, therefore, of the prohibition against granting parole to one so convicted is to increase the minimum *prison* sentence.

The title is sufficiently broad to give notice that the legislation prohibits the service of a part of the minimum sentence prescribed by law outside the penitentiary. We are, accordingly, unable to agree that the title to Ch. 146, Laws 1961, violates Art. IV, Section 16 of the Constitution in failing to express the subject of the legislation in the title thereof.

 We expressly ruled against petitioner's position that § 54–7–15, N.M.S.A. 1953, embraces more than one subject in Martinez v. Cox, supra. Nor, can we agree that § 54–7–15, supra, denies equal protection by excepting prisoners cured of drug addiction from the prohibition against parole of narcotics violators until the minimum term prescribed by law has been served. It is well settled that there is no denial of the equal protection of the laws within the meaning of Art. II, Section 18 of the New Mexico Constitution where a reasonable classification is made by the legislature and all persons within a given class are treated alike. Pueblo of Isleta v. Tondre, 18 N.M. 388, 412, 137 P. 86; State v. Pate, 47 N.M. 182, 138 P.2d 1006. The guarantee of the equal protection of the laws does not deny a legislature the right to create reasonable classifications. De Soto Motor Corporation v. Stewart, 62 F.2d 914 (10th Cir. 1932). We find nothing unreasonable in the act of the legislature in creating a separate classification for those cured of drug addiction from prisoners who

were either never addicted or who have not been cured therefrom. See Martinez v. Cox, supra, where we discussed the equal protection clause with reference to probation of cured narcotic drug addicts. We think the reasoning there expressed applied with equal force to the condition made here regarding parole prior to completion of the minimum sentence.

Petitioner's argument, that the act of the parole board in granting parole became a property right which could not be withdrawn, is without merit. Martinez v. Cox, supra, expressly held that a statutory ineligibility for parole does no violence to due process of law concepts. Conley v. United States Board of Parole, 221 F.Supp. 445 (S.D.N.Y.1963); Witt v. United States, 287 F.2d 389 (9th Cir.1961). Being not only without authority, but expressly prohibited from authorizing petitioner's parole until he had completed service of the minimum term prescribed by statute, within the penitentiary, the act of the parole board was void. A void order of parole is without force or effect to justify the release of a prisoner. State ex rel. Murphy v. Superior Court, 30 Ariz. 332, 246 P. 1033, 47 A.L.R. 401. Furthermore, no act of the parole board can constitute a contract between a prisoner and the state. Martinez v. Cox, supra.

Finally, petitioner argues that since § 54–5–14, N.M.S.A.1953, specifically makes the possession or sale of marijuana unlawful, the State was required to prosecute him under that specific statute rather than under § 54–7–14 which he asserts is a general statute. The difference resulting to this petitioner is in the penalty. Sec. 54–5–15 requires imprisonment for a period of not less than two nor more than five years, while the penalty under § 54–7–15 is imprisonment for not less than two nor more than ten years, with the additional prohibition against parole or probation until the minimum statutory term has been served.

This contention presents the question whether the State has a choice in the matter of initiating prosecutions for possession of marijuana. We conclude that it does because in our view of these two statutes supra, both are specific in condemning certain conduct relating to cannabis indica or marijuana. See State v. Romero, 74 N. M. 642, 397 P.2d 26. The fact that § 54–7–2(15) defines marijuana as a "narcotic drug" and § 54–7–14 makes possession of a narcotic drug unlawful does not detract from the specificity of the statute, nor does it make it a general statute within the meaning of State v. Blevins, 40 N.M. 367, 60 P.2d 208. That case, heavily relied upon by petitioner, is clearly distinguishable by reason of essential differences between the statutes involved.

It follows that the writ of habeas corpus should be quashed and the petitioner remanded to the custody of the respondent.

It is so ordered.