419 P.2d 456

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Manuel CHAVEZ, Defendant-Appellant.**

**No. 7817.**

Supreme Court of New Mexico.

Oct. 24, 1966.

J. E. Gallegos, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Thomas A. Donnelly, James V. Noble, Asst. Attys. Gen.; Santa Fe, for appellee.

OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The appellant was indicted by a grand jury, charging him with violating § 54–7–14, N.M.S.A.1953. A petit jury returned a verdict of guilty.

The appellant contends that § 54–7–14, N.M.S.A.1953, being Chapter 145, Laws of 1935, is a general statute relating to narcotic drugs. The appellant further contends that § 54–5–14, N.M.S.A.1953, being Chapter 97, Laws of 1935, is a specific statute dealing with marijuana. The appellant would have the conviction reversed because of the conclusion reached in State v. Blevins, 40 N.M. 367, 60 P.2d 208.

The defendant in the Blevins case was charged with having violated the provisions of § 35–1617, Comp.St.1929, being a statute prohibiting and declaring it a criminal offense for any person to knowingly sell any property of another. The legislature had prescribed the penalty for a violation of this statute to be imprisonment for not less than one year nor more than ten years. The defendant Blevins contended that since he was charged and convicted of the offense of selling one neat cattle, the property of another, that he should have been prosecuted under § 35–2405, Comp.St.1929.

The statute just referred to, so far as material, reads:

"Any person who shall steal, embezzle, or knowingly kill, sell, drive, lead, or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine, or ass; * * * shall be deemed guilty of a felony, and on conviction thereof in any court of competent jurisdiction shall be punished by imprisonment not less than one year nor more than five years, * * *."

In State v. Blevins, supra, we held that the general statute is not operative as to the special kinds of property described in the special statute and that, consequently, the defendant should have been prosecuted under § 35–2405.

█ Here we are confronted with a different situation. Section 54–5–14, N.M.S.A.1953, is a statute dealing with marijuana only. Section 54–7–14, N.M.S.A. 1953 is a statute relating to narcotic drugs. Both statutes were originally enacted by the same legislature in 1935. The statute relating to narcotic drugs has been amended by subsequent legislatures, and the amendment in 1953 specifically mentioned the word "marijuana." See § 54–7–15, N.M.S.A.1953. Further, in State v. Romero, 74 N.M. 642, 397 P.2d 26, where a defendant was charged with unlawful possession of a narcotic drug, to-wit, cannabis indica, also known as marijuana, and the proof at the trial was limited to marijuana, we held that there was not a fatal variance. In short, we concluded that marijuana was a narcotic drug. Thus, we now have two statutes prohibiting traffic in marijuana. Since they both deal with

the same subject, they are in pari materia. This is the first distinction to be noted in this and in the case of State v. Blevins, supra.

◼ The purpose of the "pari materia" rule is to ascertain and carry into effect the legislatures' intention. Dupont et al. v. Mills et al., 9 W.W.Harr. (Del.) 42, 196 A. 168, 119 A.L.R. 174.

◼◼ The fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. In re Vigil's Estate, 38 N.M. 383, 34 P.2d 667, 93 A.L.R. 1506. It would seem obvious that the legislature in 1953, by amending the narcotic act to include the narcotic drug marijuana did so with a full knowledge of the earlier act, and apparently intended to make the narcotic act controlling. The difference between this case and State v. Blevins is clearly discernible and State v. Blevins can give no comfort to the appellant here.

While the instant appeal was pending, we announced the decision in Aragon v. Cox, 75 N.M. 537, 407 P.2d 673. In that case, we arrived at a conclusion that was not necessarily germane to the issue involved and which we now revise. In Aragon v. Cox, supra we concluded that where both statutes condemn certain conduct the state has a choice in selecting the statute to be employed in a prosecution for violation. We no longer subscribe to that view which would permit the law enforcement authorities to subject one person to the possibility of a greater punishment than another who has committed an identical act. This would do violence to the equal protection clauses of our state and federal constitutions.

◼◼ We now say that the two statutes where they condemn the same act are in pari materia. The penalty provisions being different, they are irreconcilable. See State v. Pirkey (1955), 203 Or. 697, 281 P.2d 698. The legislature, having amended § 54–7–15, N.M.S.A.1953, being Chapter 146, Laws of 1961, that being the penalty provision following § 54–7–14, and not having amended the penalty provisions following § 54–5–14, N.M.S.A.1953, impliedly intended that its last expression would control. Accordingly, we hold that the prosecution here was properly conducted under the applicable statute.

Secondary matters urged by the appellant as grounds for reversal are deemed to be without merit and further reference herein would serve no useful purpose. The conviction and sentence appealed from should be affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

MOISE, Justice (dissenting).

The opinion of the majority turns on the proposition that § 54–5–14, N.M.S.A. 1953, and § 54–7–14, N.M.S.A.1953, are in

pari materia and both deal with marijuana, and since the last pronouncement by the legislature was its amendment of § 54–7–15, N.M.S.A.1953, being the penalty provision applicable to § 54–7–14, supra, it must have been intended to make the penalties there provided controlling. Based on this reasoning, it is concluded that the prosecution in the instant case was conducted under the proper statute. I cannot agree.

To my mind, the form and history of the pertinent sections of the law are important in considering their application and the legislative intent. Both were first enacted in 1935. Sections 54–5–14 and 54–5–15, N.M.S.A.1953, were passed as Ch. 97, N.M.S.L.1935, the title to which act reads:

"An Act Prohibiting the Possession, Sale, Barter or Giving Away of Cannabis Indica, Also Known as Hashish and Marijuana; and Also Prohibiting the Planting and Cultivation of the Same and Providing Penalties Hereof."

Section 54–5–15, N.M.S.A.1953, was amended in 1953 by Ch. 24, N.M.S.L.1953, so as to increase the penalty for violation of § 54–5–15, supra.

Section 54–7–14, N.M.S.A.1953, was passed as § 14, Ch. 145, N.M.S.L.1935. The title to the act stated it was "An Act Relating to Narcotic Drugs, and Providing Penalties for Violations of this Act." Although "cannabis" was defined in § 2(14),

Ch. 145, N.M.S.L.1935, neither cannabis nor marijuana were included within the definition of "narcotic drugs" contained in § 2(15) of the Act. However, in 1937, by Ch. 70, N.M.S.L.1937, the definition of "narcotic drugs" was amended to include "cannabis." In 1953, by Ch. 25, N.M.S.L. 1953 (compiled as § 54–7–15, N.M.S.A. 1953), the penalties for unlawful sale, possession or delivery of narcotic drugs (including cannabis) were increased. Again in 1959 and 1961 the penalties were changed.

It is my view that the applicable rules of statutory construction as considered and announced in State v. Blevins, 40 N.M. 367, 60 P.2d 208, are controlling here. In that case, the defendant was charged with and convicted of selling " * * * one neat cattle of the property of R. L. Durham, without having any right to sell the same, contrary to the provisions of Section 35–1617, New Mexico Statutes Annotated, 1929 Compilation." On appeal, it was argued that defendant had been prosecuted under the wrong section of the law. Section 35–1617, supra, under which the case was prosecuted, made it a felony to sell or knowingly offer to sell "any property of which he is not the owner, or which he has not been given the right to sell." It was urged that prosecution should have been under § 35–2405, Comp.Stat.1929, which made it a felony to "steal, embezzle, or knowingly kill, sell, drive, lead, or ride away, or in any manner deprive the owner

of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine, or ass; * * *." This court held that § 35-2405 and § 35-1617 both condemned the same act, and concluded that in such circumstance the special act applicable to livestock generally and neat cattle in particular was the only one under which the defendant could be prosecuted. I quote from the opinion:

"We start with the premise that both acts condemn the same offense. A conviction under one statute could be pleaded as former jeopardy against a subsequent prosecution under the other statute. If this conclusion be correct, it renders absolutely certain the premises assumed.

"The question then arises: Does the state have a choice in the matter of initiating prosecutions for the sale of chattel property of the kind and description named in the special statute, section 35-2405? We conclude that it does not. In 59 C.J. 1056, at section 623 under the subject 'Statutes,' the rule is stated as follows: 'Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, unless it appears that the legislature intended to make the general act controlling; and this is true a fortiori when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage. It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the special statute will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication.'

\* \* \* \* \* \*

"Here, in so far as each statute indicts sale of the property of another, they describe but one offense, and, one of such statutes being special and the other general, the special statutes should control to the extent of compelling the state to prosecute under it. In other words, the general statute is not operative as to the special kinds of property described in the special statute."

In the instant case, § 54–7–14, supra, provides that whoever shall "*have in his posession* a narcotic drug (cannabis) with intent ulawfully to sell and deliver such drug, * * *" or "unlawfully sells, furnishes, gives away, or delivers any narcotic drug in violation of the provisions of this act * * *" is to be punished as provided in § 54–7–15, supra. At the same time, § 54–5–14, supra, makes it unlawful "to *possess,* plant, cultivate, produce, *sell,* barter or *give away* any cannibis [cannabis] indica, also known as hashis [hashish] and marijuana * * *." At least, insofar as possession with intent to sell or give away, and selling and giving away of cannabis or marijuana, the two sections proscribe the identical acts. It is my considered opinion that insofar as possession and selling or giving away of cannabis or marijuana are offenses under § 54–5–14, supra, that section is a special act applicable to marijuana and must prevail over the provisions of the general narcotics act, § 54–7–14, supra. This is in accord with my understanding of State v. Blevins, supra, and I cannot follow the majority's efforts to distinguish it. We have recently reaffirmed the rule in State v. Lujan, 76 N.M. 111, 412 P.2d 405. Neither do I think that legislative intent to make the general act controlling can be found in the simultaneous amendment of the two acts, even though the amendment of the narcotics act was placed in the statute book immediately following the amendment to the special marijuana act. I find no "express words" or "necessary implication" present to bring about such a result. In the quotation from State v. Blevins, supra, it is stated that this is the requirement to reach a contrary conclusion. I would direct attention to the following cases from other jurisdictions in which the rule is expounded. Bulova Watch Co. v. United States, 365 U.S. 753, 81 S.Ct. 864, 6 L.Ed.2d 72; People v. Fiene (1964), 226 Cal.App.2d 305, 37 Cal. Rptr. 925; City of Irving v. Dallas County Flood Control Dist. (Tex.Civ.App:1964), 377 S.W.2d 215, 221.

I agree with what is said by the majority concerning Aragon v. Cox, 75 N.M. 537; 407 P.2d 673, but because of their views that prosecution under § 54–7–14, supra, and punishment under § 54–7–15, supra, were proper, I respectfully dissent. The case should be reversed.

CARMODY, C. J., concurs.