# 168

420 P.2d 436

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Elidoro "Lolo" TAPIA, Defendant-Appellant.**

**No. 7808.**

Supreme Court of New Mexico.

Nov. 21, 1966.

Boston E. Witt, Atty. Gen., Roy G. Hill, Frank Bachicha, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

Melvin T. Yost, Alfred P. Whittaker, Santa Fe, for appellant.

## OPINION

CHAVEZ, Justice.

Appellant Elidoro "Lolo" Tapia was found guilty by a jury of possession of certain narcotic drugs, to-wit, cannabis, with intent to sell in violation of § 54–7–14, N.M.S.A., 1953 Comp. Judgment and sentence were duly entered and appeal is taken therefrom. The appeal is based solely upon the construction of §§ 54–7–2(15) and 54–7–2(14), N.M.S.A., 1953 Comp.

Floyd Highfill, an expert witness for the State, testified that he is a chemist, having obtained a bachelor's degree in chemical engineering from the University of New Mexico; that he had worked for Martin and Carlisle Chemical Laboratories, Inc. for approximately five years; that he had made analysis and examined substances for about three and one-half-years, to determine whether or not the substance was cannabis; that he had probably run 300 or 400 tests; that he had testified in various courts as an expert witness; that he ran three chemical tests, being known as the Duquenois, the Boquet and the Ghamrawy, as well as a microscopic examination of the contents of plaintiff's

exhibit 1, and that the tests were positive for cannabis.

Appellant contends there is no evidence to show that the substance which appellant possessed was cannabis sativa L., or a substance neither chemically nor physically distinguishable from it. Appellant argues that § 54–7–2(15), supra, which defines "Narcotic drugs" within the Narcotic Drug Act (§§ 54–7–1 through 54–7–51, N.M.S.A., 1953 Comp.) as "coca leaves, opium, and cannabis, and every substance neither chemically nor physically distinguishable from them" is limited by § 54–7–2 (14), supra, which states that " 'Cannabis' includes all parts of the plant cannabis sativa L., * * *." Appellant thus concludes that the evidence must show that the substance involved is not chemically or physically distinguishable from cannabis sativa L., and that appellee's expert witness failed to do so.

Since the appeal of the instant case, this court has answered appellant's contention in State v. Romero, 74 N.M. 642, 397 P.2d 26. In Romero, we concluded that § 54–7–2(14), supra, is a specification of what the term "cannabis" includes, and held that § 54–7–2(15), supra, is the controlling section. That section makes cannabis, or any substance not chemically or physically distinguishable from cannabis, a narcotic drug. In Romero, we also found, as a matter of law, that cannabis, cannabis sativa L. and cannabis indica are identical.

Appellant urges reconsideration of our conclusion in State v. Romero, supra, and contends that the fact that the same legislature enacted §§ 54–7–2 and 54–7–14, supra, as well as §§ 54–5–14 and 54–5–15, N.M. S.A., 1953 Comp., which control cannabis indica, indicates that the legislature intended that § 54–7–14, supra, pertains solely to cannabis sativa L.

In State v. Chavez, 77 N.M. 79, 419 P.2d 456 (No. 7817, filed October 24, 1966), we said that when the legislature amended § 54–7–15, N.M.S.A., 1953 Comp., the provision fixing the penalty for violation of § 54–7–14, supra, it impliedly intended that its last expression would control.

The conviction in the instant case was based on the applicable statute and we find no error.

It is clear that appellee's expert witness identified the substance involved as cannabis leaves, or at least a substance neither chemically or physically distinguishable from cannabis. This was sufficient evidence for the jury to find that the substance was a "narcotic drug" as the term is used in § 54–7–14, supra. Because of the broad statutory definition of "narcotic drug" and our conclusions above, appellant's contention that appellee was required to show that the substance was sown or cultivated, as indicated by the name "sativa," is without merit.

The judgment of the district court is affirmed.

It is so ordered.

NOBLE, J., concurs.

MOISE, Justice (concurring specially).

This court held in State v. Romero, 74 N.M. 642, 397 P.2d 26, that marijuana, cannabis, cannabis sativa L. and cannabis indica were identical. In State v. Chavez, 77 N.M. 79, 419 P.2d 456, No. 7817, decided October 24, 1966, the court concluded that prosecution of the crime of possession of marijuana with intent to sell was proper under § 54–7–14, N.M.S.A.1953, being the uniform narcotics act. I dissented because it seemed to me that under the interpretation placed on § 54–7–14, supra, in State v. Romero, supra, that section proscribed the same conduct as was prohibited by § 54–5–14, N.M.S.A.1953, and the first being a general act and the latter a special act, the special act should control over the general under the rule stated in State v. Blevins, 40 N.M. 367, 60 P.2d 208, and followed in State v. Lujan, 76 N.M. 111, 412 P.2d 405.

It now appears that § 54–7–2(14), N.M.S.A.1953, as it read when the offense here prosecuted took place, limits "cannabis" for which the possession for sale, and sale, is made a crime under § 54–7–14, supra, to "all parts of the plant cannabis sativa L." Had we not already decided in State v. Romero, supra, that all types of cannabis were included as narcotics un-der § 54–7–14, supra, I would suggest that this latter section could be construed to cover sativa L. specifically defined as cannabis, and § 54–5–14, supra, be determined to cover all other species or forms of marijuana. However, since State v. Romero, supra, holds prosecution proper under § 54–7–14, the conclusion that no error is present here must follow. Accordingly, while still being convinced of the correctness of my position in State v. Chavez, supra, and that the distinction herein noted could explain the legislative purpose in adopting the two statutes, I must bow to the decisions of the majority, and specially concur in the affirmance herein.