458 P.2d 838

STATE of New Mexico, Plaintiff-Appellee,

v.

Raul Rocha VASQUEZ, Defendant-Appellant.

No. 338.

Court of Appeals of New Mexico.

Aug. 29, 1969.

**587**

Foster Windham, Carlsbad, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Mark B. Thompson, III, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

The issue is whether the preliminary examination was a sufficient preliminary examination of the charge on which defendant was convicted. Defendant had marijuana in his possession. The information charged defendant with unlawfully possessing narcotic drugs in violation of § 54–7–13, N.M. S.A.1953 (Repl.Vol. 8, pt. 2). He appeals his conviction of this charge. He asserts his preliminary examination was on a complaint of violating § 54–5–14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2). He claims he did not have a preliminary examination concerning a violation of § 54–7–13, supra. He contends that without a preliminary examination on a complaint of violating § 54–7–13, supra, the trial court was without jurisdiction to proceed against him on that charge.

■ The jurisdictional question is not a claim that jurisdiction was absent, initially, because of the asserted lack of a preliminary examination. The district court acquired jurisdiction over the criminal charge upon the filing of the information. State v. Vaughn, 74 N.M. 365, 393 P.2d 711

(1964). The jurisdiction so acquired can, however, be lost "* * * by failure of the court to remand for a preliminary examination when its absence is timely brought to the attention of the district court. * * *" State v. Vaughn, supra.

■ Here the asserted absence of a preliminary examination was timely raised. Defendant did not ask that he be accorded a preliminary examination on the basis of violating § 54–7–13, supra. He asked for a dismissal of the information. Defendant's failure to move for an abatement does not, however, dispose of the jurisdictional claim. State v. Vaughn, supra, states that the absence of a preliminary examination may be raised in an "appropriate manner" and:

"* * * When violation of a constitutional right in the proceedings before the magistrate is brought to the attention of the trial court and found to exist, the accused's right and the court's duty is to abate the information until there has been a proper preliminary examination, and remand the accused to the magistrate for such examination unless it be competently waived. * * *"

Since the charge was by criminal information, defendant had a right to a preliminary examination. N.M.Const. Art. II, § 14. There was no waiver of that right. If defendant's right to a preliminary examination had been violated the trial court's duty was to abate the information until a preliminary examination was held. Otherwise, the trial court would have lost its jurisdiction over the charge.

■ The question is whether defendant's right to a preliminary examination had been violated. This issue arises because marijuana was held to be a narcotic drug in State v. Romero, 74 N.M. 642, 397 P.2d 26 (1964). The result was that we have two statutes involving the unlawful possession of marijuana—§§ 54–5–14, supra, and 54–7–13, supra. See State v. Tapia, 77 N.M. 168, 420 P.2d 436 (1966); State v. Chavez, 77 N.M. 79, 419 P.2d 456 (1966).

Defendant asserts he had a preliminary hearing on a complaint charging him with violating § 54–5–14, supra, and did not have a preliminary hearing on a complaint charging him with violating § 54–7–13, supra. His reliance on the charge in the criminal complaint is misplaced. The information is not required to charge the identical crime stated in the complaint. Once a defendant appears before a magistrate for a preliminary hearing on a criminal complaint, § 41–3–12, N.M.S.A.1953 (Repl.Vol. 6) provides the magistrate is to conduct an " * * * examination of the whole matter, * * *." State v. Melendrez, 49 N.M. 181, 159 P.2d 768 (1945) states:

" * * * if it appear that an offense has been committed, the punishment of which is not within the jurisdiction of the magistrate as a trial judge, and there is probable cause to believe the prisoner guilty thereof, the magistrate, *without the necessity of further complaint, or further preliminary examination*, shall commit or bail the accused to appear at the next term of the district court * *." (Emphasis added.)

State v. Melendrez, supra, held a criminal information is sufficient if the crime charged in the complaint in the magistrate's court is kindred to that to which the accused is held to answer in the preliminary examination and the information is substantially in accord with the magistrate's commitment to district court (the bind over). *Melendrez* expressed no opinion as to whether " * * some other degree of conformity between the preliminary proceedings and the information will suffice, * * *." Although it is urged that the situation here goes beyond the precise holding of *Melendrez,* we disagree. Rather, it is our opinion that the preliminary hearing in this case is sufficient under the *Melendrez* decision.

The criminal complaint charged defendant with possessing, planting, purchasing of cannabis indicia contrary to. § 54–5–14, supra. Cannabis indicia is marijuana. State v. Romero, supra. The charge which defendant was held to answer, as shown by the evidence at the preliminary hearing, was unlawful possession of marijuana. The charge in the criminal complaint was kindred to that to which defendant was held to answer.

Defendant was committed or bound over to the district court for trial but the basis of the bind over is not stated. Defendant's appearance bond, however, makes it clear that the bind over included a "possession" charge since the bond expressly refers to the crime of "possession". The information was substantially in accord with the magistrate's commitment.

The criminal complaint charged defendant with unlawful possession of marijuana. He had a preliminary hearing and was held to answer to the charge of unlawful possession as a result of that preliminary hearing. The criminal information charged defendant with the same unlawful possession.

Having had a preliminary examination on the charge brought by the criminal information, we must determine the effect of the reference in the criminal complaint to § 54–5–14, supra. The criminal information referred to § 54–7–13, supra. The statutory reference in the criminal complaint did not result in defendant being deprived of his right to a preliminary examination since the offense of unlawfully possessing marijuana was sufficiently charged without regard to the statute. The reference to § 54–5–14, supra, was surplusage. See State v. Brown, 72 N.M. 274, 383 P.2d 243 (1963) ; Smith v. Abram, 58 N.M. 404, 271 P.2d 1010 (1954).

The judgment and sentence are affirmed. It is so ordered.

SPIESS, C. J., and OMAN, J., concur.