582 P.2d 1306

STATE of New Mexico,
Plaintiff-Appellee,

v.

Robert GABALDON,
Defendant-Appellant.

No. 3519.

Court of Appeals of New Mexico.

Aug. 8, 1978.

John B. Bigelow, Chief Public Defender, Michael J. Dickman, Asst. Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Jacob G. Vigil, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Chief Judge.

Defendant was convicted of CSP II (criminal sexual penetration in the second degree) and aggravated battery. Subsequently, an enhanced sentence was imposed upon defendant as an habitual offender. Defendant's appeal presents one issue—that the CSP II in this case is the same offense as criminal sexual contact, that equal protection of the law was violated by submitting to the jury the second degree felony, CSP II, rather than the fourth degree felony, criminal sexual contact. See *State v. Chavez*, 77 N.M. 79, 419 P.2d 456 (1966); *State v. Vickery*, 85 N.M. 389, 512 P.2d 962 (Ct.App.1973).

Both the CSP II offense submitted to the jury, and the criminal sexual contact offense which defendant contends should have been submitted, provide for the perpetration of the crime "by the use of force or coercion which results in personal injury to the victim". Compare § 40A–9–21(B)(2) with § 40A–9–22(A)(1), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975).

The CSP offense in this case was fellatio. Criminal sexual contact is defined in terms of touching "the unclothed intimate parts of another". Compare § 40A–9–21, supra, with § 40A–9–22, supra.

U.J.I. Crim. 9.45 was the appropriate instruction stating the elements of the CSP offense in this case. U.J.I. Crim. 9.04, an approved instruction stating the elements of criminal sexual contact, is the instruction

defendant contends should have been given. Comparing these two instructions, the only significant difference is that U.J.I. Crim. 9.45, as given by the trial court, used the word "fellatio" while U.J.I. Crim. 9.04, if given, would have used the word "penis". See Use Notes to both instructions.

U.J.I. Crim. 9.82 defines "penis" as the male organ of urination and sexual intercourse. U.J.I. Crim. 9.84 defines "fellatio" as the touching of the penis with the lips or tongue.

Under the above statutes and instructions, defendant could not have committed fellatio without also touching the intimate parts of another inasmuch as § 40A–9–22, supra, defines "intimate parts" to include the primary genital area. This, however, does not mean that CSP II, by fellatio, is the same offense as criminal sexual contact; fellatio requires a particular type of touching—with the lips or tongue.

Section 40A–9–22, supra, is a general statute prohibiting a touching of intimate parts. Section 40A–9–21, supra, is a specific statute prohibiting a touching of the penis with the lips or tongue. Section 40A–9–21, supra, was the applicable statute because the specific statute prevails over the general statute. *State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936).

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.