740 P.2d 1172

**CITY OF FARMINGTON, Plaintiff-Appellee,**

v.

**Joseph A. WILKINS, Defendant-Appellant.**

**No. 9912.**

Court of Appeals of New Mexico.

June 30, 1987.

Certiorari Denied Aug. 14, 1987.

Larry T. Thrower, Farmington, for defendant-appellant.

A. Thomas Cochran, Asst. City Atty., Farmington, for plaintiff-appellee.

## OPINION

GARCIA, Judge.

Defendant appeals his conviction of violating Sections 21–48 and –49 of the Farmington City Code, general noise control ordinances. This court filed a calendar notice proposing summary affirmance, and defendant filed a timely memorandum in opposition. Having found defendant's memorandum unpersuasive, we now affirm the trial court.

## FACTS

Defendant owns a commercial truckwash, which broadcasts music through loudspeakers. The parties stipulated that the sound created by the loudspeakers was within the legally permissible decibel levels set out in Section 20A–6 of the Farmington City Code. The parties also stipulated that various private citizens, all of whom reside in the immediate vicinity of defendant's truckwash, would testify that the noise from the truckwash speakers was loud, extremely irritating and continuously disturbing to comfort and repose. Others would testify that they are contemplating moving because of the noise.

Defendant was convicted in the municipal court of a petty misdemeanor violation of Section 21–49. He appealed the conviction to the district court, where the case was heard de novo on stipulated facts and briefs. The district court adjudged defendant guilty of violating Sections 21–48 and –49. It is from that judgment that defendant now appeals.

## DISCUSSION

Sections 21–48 and –49 are companion ordinances. The former provides that "[i]t shall be unlawful for any person to create any unreasonably loud, disturbing or unnecessary noise, or noise of such character, intensity or duration as to be detrimental to the repose, life or health of others." The latter ordinance lists certain specific acts which are proscribed, including "[t]he playing of any radio * * * in such manner or with such volume as to disturb the quiet, comfort or repose of persons in any dwelling, hotel, hospital or sanatorium." The heart of defendant's arguments on appeal is that the later enacted ordinance, Section 20A–6, supersedes the two earlier ordinances. Section 20A–6 sets out maximum allowable decibel levels, measured according to the level at the receiving land use.

Defendant contends that Section 20A–6 is a specific statute and prevails over the general ordinances. In order for a specific statute to apply to the exclusion of the general statute, the two statutes must not only condemn the same offense, but must require the same proof. *State v. Gutierrez*, 88 N.M. 448, 541 P.2d 628 (Ct. App.1975). *See also State v. Ibn Omar-Muhammad*, 102 N.M. 274, 694 P.2d 922 (1985); *State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936).

Defendant argues that it is the decibel level or loudness that is the sole issue in the present case. Defendant misapprehends the thrust of these ordinances. Sections 21–48 and –49 concentrate on the character of the noise and its effect on the repose, life or health of others. Sounds or noises under these two ordinances are judged not by their decibel level but by these other criteria. Section 20A–6, on the other hand, is addressed only to decibel

levels, regardless of the sound's character or effect on others. Thus, while a sound may not rise to the decibel level proscribed by Section 20A–6, it may be of such an obnoxious and disturbing character that it adversely affects the citizenry of the area.

 Since Sections 21–48 and –49 require proof of an additional fact, which Section 20A–6 does not, the former ordinances are distinct from the latter. *See State v. Ibn Omar-Muhammad; State v. Blevins.* Therefore, although there is no dispute that the music in question was within the decibel level limits set out in Section 20A–6, there was evidence presented that the music was loud and extremely irritating. It was disturbing the comfort and repose of various private citizens on a continual basis. This is the sort of conduct that Sections 21–48 and –49 prohibit, but Section 20A–6 does not address.

Defendant further argues that this case is distinguishable from those criminal cases where a defendant is alleged to be in violation of two statutes, because defendant's act is specifically made legal under Section 20A–6, and illegal under Sections 21–48 and –49. *See, e.g., id.* We find this argument unpersuasive since the ordinances do not prohibit the same conduct, but, as mentioned above, are distinct offenses. Section 20A–6 is, in essence, a strict liability ordinance. If the sound created is above the proscribed decibel level, it is per se in violation of the ordinance. By contrast, the sections under which defendant was convicted require proof that the sound adversely affected the citizenry.

 Finally, defendant asserts that Sections 21–48 and –49 are unconstitutionally vague unless construed with reference to the decibel levels set out in Section 20A–6. He contends that he was entitled to rely on Section 20A–6 to avoid violating the City's noise control law. We hold that the examples as set out in Section 21–49 are not so vague that men of common intelligence must guess at their meaning. *See State v. Gattis*, 105 N.M. 194, 730 P.2d 497 (Ct.App. 1986).

Accordingly, for the reasons stated above, the trial court is affirmed.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.