Melvin CONLEY, Petitioner,

v.

UNITED STATES BOARD OF PAROLE, Respondent.

United States District Court
S. D. New York.
Aug. 27, 1963.

**446**

Melvin Conley, pro se.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, William J. Quinlan, Asst. U. S. Atty., for respondent.

TYLER, District Judge.

Petitioner, a convicted narcotics violator, seeks to enjoin respondent Board from requiring him to report during his parole status; further, he asks this court to order him released from the parole jurisdiction of respondent Board.[1]

On December 18, 1959 petitioner pleaded guilty to three counts charging narcotics violations under 21 U.S.C. §§ 173 and 174. On January 7, 1960 he was sentenced by Judge Metzner of this court to the statutory minimum of five years on each count, such sentences to run concurrently.

On June 11, 1963, petitioner was released from confinement because of "good time" allowances by authority of 18 U.S.C. §§ 4163 and 4164. Thus, petitioner was released at the expiration of two-thirds of his sentence.

■ Such release, however, did not free petitioner from all obligations under his original sentence. Beyond seri-

ous doubt, he is subject to supervision until such sentence imposed by the court runs its course.[2]

Petitioner, however, misapprehends the true nature of his release and its underlying legal rationale. He seems to urge that his release was or should have been effected by virtue of the parole provisions of 18 U.S.C. § 4202. More precisely, his position is that Section 4202 is in direct conflict with the provisions of 21 U.S.C. § 174 and that such conflict works upon him a deprivation of due process of law.

■ Unfortunately for petitioner's position, the statutes unequivocally provide that narcotics offenders such as petitioner are not "prisoners eligible" for the probation status contemplated by Section 4204 and its related provisions. See 26 U.S.C. § 7237(d). It is settled, moreover, that such statutory ineligibility does not do violence to due process of law concepts. Cf. Witt v. United States, 287 F.2d 389 (9th Cir.), cert. denied, 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242 (1961).

In narcotics cases such as this, a convicted defendant may properly be released only at the expiration of two-thirds of his sentence upon the basis of "good-time deductions". 18 U.S.C. §§ 4163 and 4164. As the plain language of Section 4164 indicates, such a defendant is "deemed as if released on parole * * *" until the expiration of the maximum term of his sentence less 180 days. The legal existence of such probationary control as petitioner now complains of is further illustrated by other statutory provisions that if a defendant violates such parole, he may be retaken and again confined. 18 U.S.C. § 4205; Schiffman v. Wilkinson, 9 Cir., 1954, 216 F.2d 589, cert. denied, 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955).

Finally, it is of some significance to note that petitioner was released from

---

1. The question of whether this proceeding is civil rather than criminal in nature, though a debatable one, is expressly left open by this court.

2. I.e., until the expiraton of 5 years less 180 days. 18 U.S.C. § 4164.

custody upon a "certificate of mandatory release", which specifically requires, *inter alia*, that he report to the United States Probation Office in the Southern District of New York between the first and third days of each month and remain under the jurisdiction of the United States Board of Parole until July 10, 1964.

Petitioner's application, therefore, is in all respects denied. So ordered.