405 P.2d 659

**Jay Jerry MARTINEZ, Petitioner,**

**v.**

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

**No. 7919.**

Supreme Court of New Mexico.

Aug. 23, 1965.

Rehearing Denied Oct. 1, 1965.

Bigbee & Byrd, Arthur H. Coleman, Santa Fe, for petitioner.

Boston E. Witt, Atty. Gen., Harry S. Connelly, Jr., Sp. Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM.

Petitioner seeks a writ of habeas corpus in the Supreme Court upon his allegation that he has fully completed service of his sentence of imprisonment "for a term of not less than two nor more than ten years * * * all of said sentence except the first eighteen months is hereby suspended."

Sections 42–1–54 and 55, N.M.S.A.1953, permit an allowance of certain "good time" and "meritorious good time" to be credited upon the time a prisoner serves. It has been stipulated that petitioner has earned two months "good time" and three months and twenty-four days of "meritorious good time," and, that if this is credited against the eighteen month sentence not suspended, he completed his full sentence on April 15, 1965.

The conviction here was for the unlawful possession of narcotics, contrary to § 54–7–13, N.M.S.A.1953, the statutory penalty for which is not less than two nor more than ten years. The question of whether petitioner is entitled to credit for good time under the particular sentence imposed turns upon a proper interpretation of § 54–7–15(D), N.M.S.A.1953, which expressly provides that the "imposition or execution of a sentence (imposed in a narcotics conviction) shall not be suspended * * * until the minimum imprisonment provided for the offense shall have been served."

The minimum sentence in this case is two years, but since the petitioner has not challenged the sentence imposed, the question of whether the court was authorized to suspend a part of the statutory minimum sentence is not before us, and we expressly do not decide it.

We are not unmindful that our statute was adopted from the Uniform Narcotic Drug Act, and that § 54–7–49, N.M.S.A. 1953, directs us to construe it so as "to make uniform the laws of those states which enact it." Consequently, we must consider the fact that the Supreme Court of Iowa construed the identical provision in Masteller v. Board of Control of State Inst., 251 Iowa 234, 100 N.W.2d 111, as not preventing the application of good time statutes to reduce the period of actual imprisonment below the statutory minimum. Notwithstanding the provision of the Iowa Narcotic Drug Act providing for a minimum and maximum sentence, the Supreme Court held that the trial court had authority to impose only the minimum sentence. We think its conclusion that "good time" should be deducted from that sentence resulted largely from a consideration of the history of the Iowa indeterminate sentence law and the various amendments to that state's Narcotic Drug law, as well as important differences between ours and the Iowa indeterminate sentence law.

Owens v. Swope, 60 N.M. 71, 287 P.2d 605, laid at rest the contention that "good time" is to be deducted from the minimum sentence for the purpose of fixing the date of a prisoner's final discharge from the penitentiary. We there said that under the law then in effect "service of the minimum sentence less good time merely fixes a date when the inmate of the penitentiary becomes eligible for parole." Section 54–7–15(D), N.M.S.A.1953, however, prohibits parole or probation of one convicted under the Narcotic Drug Act until the full minimum sentence provided by law has been served. It is our settled judgment that a consideration of all of the controlling statutes requires a construction that "good time" allowances, for the purpose of final discharge from imprisonment, are only deductible from the maximum sentence provided by law. Owens v. Swope, supra, requires that construction.

United States v. Figueroa, 325 F.2d 418 (2d Cir. 1963) and Conley v. United States Board of Parole, 221 F.Supp. 445 (S.D. N.Y.1963) are clearly distinguishable by reason of basic differences between the federal narcotics statute and our own.

■ It is contended that, if an effect is given to § 54–7–15 which prevents credit being given to him for good time, it conflicts with §§ 42–1–54 and 55; that repeals by implication are not favored; and that "a reasonably fair interpretation," Alvarez v. Board of Trustees of La Union Townsite, 62 N.M. 319, 309 P.2d 989, requires

a construction that § 54–7–15(D) applies only to suspensions of sentences granted by the court imposing the sentence. Petitioner, however, overlooks another equally important rule of statutory construction. It is a fundamental rule that where the general statute, if standing alone, would include the same matter as a special act, and thus conflict with it, the special act will be considered as an exception to or qualification of the general statute. Andersen v. Heltzel, 197 Or. 23, 251 P.2d 482; Thompson v. Commercial Credit Equipment Corp., 169 Neb. 377, 99 N.W.2d 761; Iowa Mut. Tornado Ins. Ass'n v. Fischer, 245 Iowa 951, 65 N.W.2d 162.

■ We are unable to agree with petitioner that the title to Ch. 146, Laws 1961, violates § 16, Art. IV of the New Mexico Constitution in failing to clearly express the subject of the legislation in the title thereof and in embracing more than one subject. The title is:

"An Act Relating to Narcotic Drugs and Marijuana; Amending Section 54–7–15, New Mexico Statutes Annotated, 1953 Compilation (Being Laws 1953, Chapter 25, Section 3 as Amended); to Prohibit · Suspension or Deferral of Execution or Imposition of Sentence Under Certain Conditions; Increasing the Minimum Prison Sentence."

The specific attack is based upon the theory that the prohibition against suspension of such sentences refers only to restrictions upon the power of courts to suspend sentences but does not give notice that credit for good time may likewise be restricted under certain conditions. As we have pointed out, however, the word "suspension" applied equally to suspension of imposition of the sentence by the court and to suspension of its execution by the executive. We find no failure of the title to this act to give adequate notice of the subject of the legislation, nor does the act offend the Constitution as containing more than one subject.

■ Petitioner's argument that failure to order his immediate release constitutes a deprivation of due process, cannot be sustained. Statutory ineligibility for probation or parole does no violence to due process of law concepts, Conley v. United States Board of Parole, supra, Cf. Witt v. United States, 287 F.2d 389 (9th Cir. 1961), cert. denied, 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242 (1961), and we perceive of no material difference between that and statutory ineligibility resulting from a requirement that good time allowance should be computed only on the maximum term required to be imposed under the indeterminate sentence law.

■ The fact that § 54–7–15(D), supra, denies probation to narcotics violators but

allows such a violator, who is an addict and who has been certified as cured by a hospital or correcting institution, to be eligible for probation, forms the basis for the contention that the statute denies equal protection of the laws, in contravention of the Fourth Amendment to the United States Constitution and Art. II, § 18 of the New Mexico Constitution. We recently indicated that equal protection does not prohibit classification for legislative purposes, provided that there is a rational and natural basis therefor, that it is based upon substantial differences between those to whom it does and those to whom it does not apply, and that it is so framed as to embrace equally all who may be in like circumstances and situations. Gruschus v. Bureau of Revenue, 74 N.M. 775, 399 P. 2d 105.

We realize that this is an unusual situation in that the classification is not based upon a distinction between the two separate offenses proscribed by the Act, i. e., unlawful possession (§ 54–7–13, N.M.S.A. 1953) and possession with intent to illegally sell or deliver (§ 54–7–14, N.M.S.A.1953), for one may be guilty of either offense without being an addict. However, we think there is a rational, natural, and substantial difference between those who are addicted to narcotics and those who are not. Since the statute is based upon a reasonable classification, it does not offend the equal protection clauses of our State or Federal Constitutions. State v. Thompson, 57 N.M. 459, 260 P.2d 370; Edmunds v. Bureau of Revenue of New Mexico, 64 N.M. 454, 330 P.2d 131.

We cannot agree with petitioner's final argument that the respondent has contracted to release him upon service of eighteen months less good time, or that the state is estopped from denying his eligibility for release. Neither the term nor the conditions under which a person convicted of a crime is confined in the penitentiary rest upon contract, nor may the state acting in its governmental capacity be estopped.

It follows that the writ should be discharged and petitioner remanded to the custody of the warden of the New Mexico State Penitentiary.

It is so ordered.