411 P.2d 347

Robert Lee **COUTTS**, Petitioner,

v.

Harold A. **COX**, Warden of the New Mexico State Penitentiary, Respondent.

No. 8061.

Supreme Court of New Mexico.

Feb. 21, 1966.

Joseph A. Roberts, Santa Fe, for petitioner.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM:

Petitioner, after having been convicted of the crime of issuing a forged check, was sentenced by the district court of Otero County, New Mexico, on August 15, 1963, for the term of not less than two (2) years and not more than ten (10) years, with the last seven (7) years suspended. He seeks a writ of habeas corpus alleging that during his term of imprisonment he has received two and one-half months meritorious good time credit for the donation of five pints of blood, and has received an additional six months credit toward his release. He also alleges that he has no narcotic felony conviction on his record.

Petitioner contends that, upon being given "good time" credit, he would have been entitled to release on October 15, 1965, and that he was advised by the Penitentiary authorities that he would be released on October 15, 1965.

It appears that on October 14, 1965, one day before petitioner would have been released, that an opinion was handed down by the Attorney General of New Mexico wherein the question presented to the Attorney General was:

"Where part of a penitentiary inmate's sentence has been suspended, what is the 'basic maximum sentence' from which good time is to be deducted for determination of his final release date?"

The Attorney General's conclusion is:

"The total maximum sentence imposed, including any suspended portion thereof."

In the analysis the Attorney General states:

"It is our understanding that the present penitentiary policy, which has not heretofore been questioned, is to deduct good time earned from the maximum sentence imposed. Example: Sentence of not less than two (2) nor more than ten (10) years, good time applies to reduce the ten (10) years to determine final release date. This is a rather simple operation and is in line with statutory requirements. However, where a portion of the sentence imposed has been suspended the good time has heretofore been deducted from the actual time to be served inside the penitentiary. Example: Sentence of not less than two (2) years nor more than ten (10) years with all suspended except the first three (3) years thereof, good time is now deducted from the three (3) years to determine the final release date. This latter method is the one in question here."

The Attorney General bases his opinion on Martinez v. Cox, 75 N.M. 417, 405 P.2d 659, wherein we said:

"* * *. It is our settled judgment that a consideration of all of the controlling statutes requires a construction that 'good time' allowances, for the purpose of final discharge from imprisonment, are only deductible from the maximum sentence provided by law. Owens v. Swope, supra [60 N.M. 71, 287 P.2d 605], requires that construction."

It is true that, in Owens v. Swope, supra, this court stated that good time earned is applied in reduction of the "maximum sentence" imposed. However, it should be noted that this court made that statement in answer to the question:

"* * *. Does service of an inmate's minimum sentence, less 'good time,' merely render him eligible to parole, * * * or does it entitle him to final discharge? * * *."

We held that service of the minimum sentence, less good time, merely fixed a date when an inmate of the penitentiary becomes eligible for parole. The Owens case did not involve any suspension of the sentence and each mention of the maximum sentence is meant to differentiate it from the minimum sentence, rather than from a maximum sentence with suspension involved. There is considerable difference between a partially suspended sentence, which requires action by the court to invoke, and a parole, which was the matter under consideration in Owens v. Swope, supra. Neither Owens v. Swope, supra, nor Martinez v. Cox, supra, considered the question which arises when a part of a sentence is suspended, as permitted by § 40A–29–15, N.M.S.A., 1953 Comp. When Owens was decided there was no provision in the law for partial suspension of a sentence. Similarly, § 54–7–15(D) of the Narcotic Drug Act provides that there shall be no suspension of the two-year-minimum sentence provided for therein.

The Attorney General looks to the words "maximum sentence" which appear in Martinez v. Cox, supra. That case cites Owens v. Swope, supra, and reiterates the rule expressed. The Martinez case involved a partially suspended sentence. The quotation from Owens was not made in reference to a maximum sentence partially suspended and is not applicable to the present case. As a matter of fact, the controlling language in Owens reads as follows:

"We are then brought to this unavoidable conclusion in the premises, to-wit, that the good time statutes perform a dual function. Preliminarily, they afford a date of eligibility for parole as the language of 1953 Comp. § 41–17–6 so obviously discloses. But they have yet the ultimate office to perform, namely, that of reducing the period of an inmate's confinement un-

der the sentence imposed. How are they to perform this function? It can be done in one way only and that is by applying the good time earned in reduction of the maximum sentence imposed. There is no other place it can be applied and give the inmate the benefit of it."

In reality, the Martinez case turned on the interpretation and the constitutionality of the statute which prohibits the suspension, probation or parole of a person convicted under the Narcotic Drug Act until the full minimum imprisonment provided for the offense has been served. Anything said in Martinez, that might be considered applicable in a case such as the present one, is hereby specifically repudiated.

The Attorney General states that, even though Martinez was convicted for a violation of the Narcotic Drug Act which contains the restrictions hereinbefore set out, this fact does not render the opinion in the Martinez case inapplicable to the present situation. Nevertheless, the Attorney General concedes that many former inmates have been released by the application of the good time statute, and that many inmates will be affected by the change in the application of the law as interpreted in his opinion to the Warden of the Penitentiary. The Attorney General restates the recommendation made by this court in Owens v. Swope, supra.

■ It seems to us that we should look to the intent of the legislature when it provided deduction from sentence for good time credit. Section 42-1-54, N.M.S.A., 1953 Comp. This legislation was passed to encourage cooperation by inmates with the penal institution and sets out an earlier release as an incentive for such good behavior. To say that such good time should be taken from the suspended portion of the sentence would reduce the incentive contemplated by the good behavior statute, because it is obvious that serving a sentence outside confinement is much different than serving it while imprisoned.

Reading §§ 42-1-54 and 42-1-55, N.M.S.A., 1953 Comp. together, it seems to us that the intent of the legislature is clear, and that the policy of the authorities of the Penitentiary, which was followed prior to the Attorney General's opinion of October 14, 1965, is the proper and correct policy.

■ From what we have said here and in preceding cases, we feel it should be clear that (a) good time credits shall be allowed to be deducted from the minimum sentence for purposes of determining eligibility for parole; Owens v. Swope, supra; (b) good time credits shall not be allowed to be deducted from the minimum sentence provided under the Uniform Narcotic Drug Act; Martinez v. Cox, supra; and (c) good time credits shall be allowed to be deducted from the maximum unsuspended portion of

a sentence for purposes of determining entitlement of right to release from imprisonment where other provisions of the law do not circumscribe the minimum imprisonment to be served.

The writ of habeas corpus heretofore entered will be made permanent. It is so ordered.