772 P.2d 1305

**Richard Ralph MARTINEZ, Petitioner–Appellant,**

v.

**STATE of New Mexico, New Mexico Attorney General Hal Stratton, New Mexico Department of Corrections, and New Mexico State Legislature, et al., Respondents–Appellees.**

No. 17956.

Supreme Court of New Mexico.

May 10, 1989.

Rehearing Denied May 23, 1989.

Richard Ralph Martinez, Santa Fe, pro se.

Hal Stratton, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for respondents-appellees.

OPINION

SOSA, Chief Justice.

On August 17, 1988, we denied the Petition for Extraordinary Writ filed by Richard Ralph Martinez. Petitioner then filed his "Petition for an Extraordinary Writ [and] Alternative Writ of Mandamus or Habeas Corpus" in the District Court of the Ninth Judicial District in Curry County. That petition was denied by the district court on August 29, 1988, and the present appeal followed. Martinez is serving a life term for first-degree murder in the state penitentiary. He contends that NMSA

1978, Section 31–21–10(A) (Repl.Pamp. 1987), denies him equal protection of the law in that it prevents him from achieving meritorious deductions from his life term before thirty years have elapsed, even though NMSA 1978, Section 33–2–34 (Repl. Pamp.1987) would otherwise permit such deductions. He contends further that an opinion of the Attorney General (AG Op. No. 86–1 (1986)), stating that meritorious deductions may not shorten the basic thirty-year term of capital felons, violates his constitutional rights by improperly usurping the legislative function, thereby violating the doctrine of separation of powers. We affirm the decision of the district court.

We have previously held that "equal protection does not prohibit classification for legislative purposes, provided that there is a rational and natural basis therefor." *Martinez v. Cox*, 75 N.M. 417, 421, 405 P.2d 659, 661 (1965); *Gruschus v. Bureau of Revenue*, 74 N.M. 775, 399 P.2d 105 (1965). In *State v. Aqui*, 104 N.M. 345, 721 P.2d 771, *cert. denied*, 479 U.S. 917, 107 S.Ct. 321, 93 L.Ed.2d 294 (1986), we addressed a similar question to the one before us: whether the denial of meritorious deductions to prisoners detained prior to sentencing violated the equal protection provisions of the Constitution when defendants confined in prison only *after* sentencing could avail themselves of meritorious deductions. In holding that such a procedure did not constitute a violation of equal protection, we found that the discriminatory scheme was based on a purpose that is legitimate. *See McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). We find the discriminatory scheme here likewise legitimate. There is a rational and natural basis for confining capital felons to the penitentiary for at least thirty years, and depriving them of meritorious deductions, while at the same time granting noncapital felons the right to seek earlier parole on the basis of meritorious deductions. Our recent opinion in *State v. Clark*, —— N.M. ——, 772 P.2d 322 (1989) offers exhaustive commentary on the concept of a capital felon's future dangerousness and the relationship of that dangerousness to the life felon's actual time to be served in prison. Such commentary is instructive here. The Legislature did not overstep its prerogatives in concluding that capital felons may be detained in prison for at least thirty years before being given a parole hearing, irrespective of any meritorious deductions that are allowed to noncapital felons. We agree with the Supreme Court of Indiana, which upheld that state's similar discriminatory scheme for the granting or withholding of meritorious deductions, when it held, "Our legislature has determined that the dangerousness of those persons sentenced to life imprisonment necessitates a different type of release program than that used with non-lifers, and this distinction is constitutional." *Jones v. Jenkins*, 267 Ind. 619, 624, 372 N.E.2d 1163, 1166 (1978); *accord Parker v. Percy*, 105 Wis.2d 486, 314 N.W.2d 166 (Ct.App.1981).

With respect to Martinez's argument that in issuing an opinion on this matter the Attorney General has violated the separation of powers doctrine, Martinez has overlooked the fact that opinions of the Attorney General do not have the force of statute. The Attorney General was free to issue his opinion on this matter: that he did so does not mean he usurped the legislative function. We have based our decision herein not on anything the Attorney General has written, but on the propriety of the statutory scheme which the Legislature has enacted. *See City of Santa Rosa v. Jaramillo*, 85 N.M. 747, 517 P.2d 69 (1973); *Perea v. Board of Torrance County Comm'rs*, 77 N.M. 543, 425 P.2d 308 (1967).

The district court's decision is affirmed.

IT IS SO ORDERED.

STOWERS and SCARBOROUGH, JJ., concur.