**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEONARD DAVIS,

        Petitioner - Appellant,

v.

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility; THE CORRECTIONS
DEPARTMENT OF THE STATE OF
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

        Respondents - Appellees.

No. 01-2198

(D. New Mexico)

(D.C. No. CIV-01-140-JP/RLP)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Leonard Davis' request for a certificate of appealability ("COA"). Davis seeks a COA so that he can appeal the district court's dismissal with prejudice of his habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). [1] Because Davis has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

Davis is currently serving a life sentence in New Mexico state prison for first degree murder. He raised the following two general claims in his habeas petition: (1) he was denied due process by the respondent's refusal to apply good-time credits to reduce the time he needed to serve in order to be eligible for parole from thirty years to fifteen years; and (2) his conviction is invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because the jury would have only convicted him of second degree murder if it had known that he would not get the

---

[1]Davis' petition is actually a hybrid in the sense that it challenged both his underlying conviction and the execution of his sentence. It does not matter, however, whether Davis' petition is denominated as arising under 28 U.S.C. § 2241 or 28 U.S.C. § 2254 because he would need a COA in either case. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) ("[C]onsistent with the plain language of [28 U.S.C.] § 2253(c)(1)(A), this court holds that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241 . . . .").

benefit of good-time credits to reduce his parole eligibility date. After the case was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate judge recommended that the petition be dismissed. The magistrate judge noted that Davis' claim to good-time credits was foreclosed by this court's decisions in *Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994) and *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996). As to *Apprendi*, the magistrate simply noted that it had no application to this case. Upon *de novo* review, the district court adopted the recommendation of the magistrate judge and dismissed Davis' petition with prejudice.

In his brief on appeal and request for a COA, Davis asserts that *Stephens* and *Lasiter* are wrong and that the statutes in New Mexico clearly provide for the application of good-time credits to reduce the parole eligibility date on a life sentence. [2] This court is bound by the decisions in *Stephens* and *Lasiter* absent a superseding decision of the Supreme Court or reconsideration by the *en banc* court. *See In re Smith*, 10 F.3d 723, 24 (10th Cir. 1993). Furthermore, the district court's interpretation of those cases as foreclosing Davis' claim is clearly not debatable among jurists, subject to a different resolution by this court, or

---

[2]Neither Davis' appellate brief nor his request for a COA mention the *Apprendi* claim advanced in the district court. That claim is, therefore, waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) ("[A]ppellant failed to raise this issue in his opening brief and, hence, has waived the point.").

deserving of further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Accordingly, Davis has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. *See id.*; *see also* 28 U.S.C. § 2253(c)(2). Davis' request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-4-