**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HERMAN J. SENA,

          Petitioner-Appellant,

v.

NEW MEXICO CORRECTIONS
DEPARTMENT; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO; STATE OF NEW
MEXICO,

          Respondents-Appellees.

No. 02-2200

**ORDER**

Before **TACHA** , Chief Judge,  **HARTZ** , and **O'BRIEN** , Circuit Judges.

      Herman J. Sena, appearing pro se, seeks a certificate of appealability

(COA) to appeal the district court's order dismissing his petition for writ of

habeas corpus under 28 U.S.C. § 2254.  We deny his request for a COA. [1]

---

[1]     We previously entered an order directing Sena to show cause why this
appeal should not be dismissed on the ground that his notice of appeal was filed
more than thirty days after the entry of judgment by the district court.  Having
considered Sena's response to the show cause order, we conclude that the letter
the district court received from Sena on July 1, 2002 provided the notice required

(continued...)

In 1985, Sena was convicted by a jury in a New Mexico district court of first degree murder, aggravated burglary, and tampering with evidence, and he was sentenced to life imprisonment.  In 1987, the New Mexico Supreme Court affirmed his convictions on direct appeal.  In March 2001, Sena filed a petition for writ of habeas corpus in the state district court.  The state district court dismissed the petition, and the New Mexico Supreme Court denied Sena's petition for writ of certiorari in January 2002.

In February 2002, Sena filed his § 2254 petition in the United States District Court for the District of New Mexico, claiming that his federal due process rights had been violated because the state district court's "Judgment, Sentence and Commitment" order (sentencing order),      *see* R., Doc. 2, Ex. A, did not reflect the court's " **ruling** "[2] at his sentencing hearing that "    *with total good time defendant could be eligible for parole in as little as fifteen years*           ," *id.,* Doc. 1 at 2.  Sena further alleged that, as a result of this omission in the sentencing order, the New Mexico Corrections Department has refused to allow him to use

_____

[1](...continued)
by Fed. R. App. P. 3(c)(1).  Because the letter was filed within the time period specified by Fed. R. App. P. 4(a)(1), the letter was effective as a timely notice of appeal.  *See Smith v. Barry* , 502 U.S. 244, 248-49 (1992).

[2]      The record does not support Sena's claim that the state district court made a "ruling" at the sentencing hearing regarding good time credits.  However, even if we assume that the court made the ruling alleged by Sena, there are still no grounds for granting him a COA.

earned good time credits to reduce the mandatory thirty-year sentence he is required to serve under N.M. Stat. Ann. § 31-21-10(A) before becoming eligible for parole. As a remedy, Sena requested that the federal district court: (1) "order that his [sentencing order] be amended"; and (2) "order his good time to be deducted from the end of his thirty (30) year life term." *Id.* at 9.

The magistrate judge recommended that Sena's § 2254 petition be dismissed on the grounds that it was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) and failed to state a claim upon which relief could be granted. The district court adopted the magistrate judge's recommendation and dismissed Sena's petition. This appeal followed.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has dismissed a habeas petition on procedural grounds, a prisoner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After carefully reviewing the record, we conclude that the district court's procedural ruling as to the untimeliness of Sena's petition would not be debatable among jurists of reason.

Sena's convictions became final before the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Consequently, under 28 U.S.C. § 2244(d)(1), Sena was required to file his § 2254 petition on or before April 24, 1997. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that "[w]here a conviction became final before AEDPA took effect, . . . the one year limitation period for a federal habeas petition starts on AEDPA's effective date"), *cert. denied*, 535 U.S. 1034 (2002); *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that "a [habeas petition] presented to the court on the anniversary date of a triggering event is within the '1-year period of limitation' set out in . . . § 2244(d)(1)"). Further, the one-year limitations period cannot be tolled under § 2244(d)(2) for the time Sena spent in state post-conviction proceedings because his state-court habeas petition was "not filed until after April 24, 1997, the end of the limitations period for convictions, like [Sena's], which became final before the effective date of AEDPA." *Fisher*, 262 F.3d at 1143.

In the proceedings before the magistrate judge, Sena did not argue that the one-year limitations period should be extended beyond April 24, 1997 based on any of the grounds set forth in § 2244(d)(1)(B)-(D). Likewise, he did not argue that the limitations period should be tolled on equitable grounds. Instead, Sena argued that his due process claim was not "mature" until he had actually earned

enough good time credits to become eligible for a release from prison, and he claimed that this had not occurred until the year preceding the filing of his petition. *See* R., Doc. 16 at 3-4.

We disagree. In his § 2254 petition, Sena challenged the validity of the state district court's sentencing order, and he alleged that the due process violation occurred in 1985 when the allegedly invalid sentencing order was entered. *Id.,* Doc. 1 at 2-3. Similarly, in his answer to respondents' answer to his § 2254 petition, Sena claimed that his incarceration was unlawful because he had been imprisoned "pursuant to an *invalid* [sentencing] order." *Id.*, Doc. 16 at 1. Accordingly, Sena's due process claim was ripe in 1985 when the state district court entered the sentencing order. Thus, we conclude that jurists of reason would not debate the correctness of the magistrate judge's determination that Sena's § 2254 petition is time barred because he failed to file it on or before April 24, 1997.

In his objections to the magistrate judge's proposed findings and recommended disposition and in his opening brief in this appeal, Sena claims that his § 2254 petition was timely filed because: (1) the Corrections Department has been awarding him good time credits since 1985; and (2) he did not discover that the Corrections Department was going to refuse to apply his good time credits to reduce his mandatory thirty-year sentence under N.M. Stat. Ann. § 31-21-10(A)

until February or March 2001 when he first learned of this fact from his prison case manager. *Id.*, Doc. 18 at 3-4; Aplt. Br. at II, X-XI. Even if we give Sena the benefit of these allegations and construe his habeas petition to be a timely challenge to the execution of his sentence under 28 U.S.C. § 2241, Sena has failed to make a substantial showing of the denial of a constitutional right.

At the time of his sentencing in 1985, N.M. Stat. Ann. § 31-21-10(A) provided that "[a]n inmate of an institution who was sentenced to life imprisonment as the result of the commission of a capital felony becomes eligible for a parole hearing after he has served thirty years of his sentence." N.M. Stat. Ann. § 31-21-10(A) (1985 Cum. Supp.). Notably, § 31-21-10(A) did not address whether an inmate sentenced to life imprisonment could earn good time credits and have the credits applied to reduce the mandatory thirty-year sentence. This omission was significant because a separate statute provided that "[a]ny inmate confined in the penitentiary of New Mexico . . . may be awarded a deduction of not more than ten days' meritorious good time per month based on good conduct . . . ." N.M. Stat. Ann. § 33-2-34(A) (1985 Cum. Supp.).

In 1989, the New Mexico Supreme Court issued an opinion making it clear that § 31-21-10(A) takes precedence over § 33-2-34(A), and that an inmate sentenced to life imprisonment is not entitled to have the mandatory thirty-year sentence reduced based on good time credits. *See Martinez v. New Mexico*, 772

P.2d 1305, 1305-06 (N.M. 1989); [3] *accord New Mexico v. Garcia*, 837 P.2d 862, 865 n.5 (N.M. 1992). We therefore agree with the magistrate judge that Sena has no basis for asserting a federal due process claim based on the refusal of the Corrections Department to release him before the end of the thirty-year period, and this is the case regardless of whether the Corrections Department previously had a practice of misapplying § 31-21-10(A). *Cf. Stephens v. Thomas*, 19 F.3d 498, 500-01 (10th Cir. 1994) (construing prior New Mexico statute enacted in 1955 that required inmates sentenced to life imprisonment to serve a mandatory ten-year sentence before becoming eligible for parole, and holding that "revocation of good time credits from a life term prisoner who has served less than ten years of his sentence . . . does not implicate the Due Process Clause," regardless of the Corrections Department's "previous practice of misapplying the law").

---

[3] In *Martinez*, 772 P.2d at 1305-06, the New Mexico Supreme Court was addressing the 1987 versions of §§ 31-21-10(A) and 33-2-34(A). *See* N.M. Stat. Ann. §§ 31-21-10(A) and 33-2-34(A) (1987 Repl. Pamp.). However, for purposes of this case, the 1985 and 1987 versions of the statues are identical.

The application for a COA is DENIED and this matter is DISMISSED.

Entered for the Court


Deanell Reece Tacha
Chief Judge