FILED
United States Court of Appeals
Tenth Circuit

August 18, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENGH CIRCUIT

---

DAVID MARSHALL WOODWARD,

Petitioner - Appellant,

v.

MICHAEL HEREDIA, Warden,

Respondent - Appellee.

No. 09-2059
(D.C. No.08-CV-00343-MV-WDS)
(D.N.M.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

David Marshall Woodward, a state inmate appearing pro se, seeks a

certificate of appealability (COA) to appeal from the district court's order

denying his 28 U.S.C. § 2241 petition.[1] See Montez v. McKinna, 208 F.3d 862,

867 (10th Cir. 2000) (requiring COA). In order to receive a COA, Mr.

Woodward must make "a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). In other words, he "must demonstrate that

---

[1] We note that the district court's order characterizes Mr. Woodward's
petition as arising under 28 U.S.C. § 2254. See R. Doc. 11. However, Mr.
Woodward actually filed for relief pursuant to 28 U.S.C. § 2241. See R. Doc. 1.
Because the district court adopted the magistrate's findings and recommendations,
see R. Docs. 9, 11, which clearly recommend denial of Mr. Woodward's motion
under 28 U.S.C. § 2241, we find the error harmless given our result.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because he has not made this showing, we deny the request for a COA and dismiss the appeal.

In 1991, Mr. Woodward was convicted of first-degree murder (and other offenses), and in 1992 he was sentenced to life imprisonment. See R. Doc. 8, at Ex. A. Mr. Woodward has accumulated good time credits during his incarceration. See R. Doc. 8, at Ex. B. The difficulty is that prison officials refused to apply those credits to Mr. Woodward's parole eligibility date. He says that he has been denied a protected liberty interest and challenges the conditions of his confinement. See R. Doc. 1. A magistrate judge recommended denial of Mr. Woodward's petition, concluding that Compton v. Lytle, 81 P.3d 39 (N.M. 2003), was controlling and that there was no "state-created statutory right to good time credits for capital felons." R. Doc. 9, at 4-5. After considering Mr. Woodward's objections, see R. Doc. 10, the district court adopted the magistrate's recommendation and denied Mr. Woodward's petition with prejudice, R. Docs. 11, 12.

Various statutes are pertinent. First, N.M. Stat. § 31-21-10(A) provides that an inmate sentenced to life will only become eligible for a parole hearing after he has served thirty years of his sentence. Second, as Mr. Woodward points out in his original petition for writ of habeas corpus, N.M. Stat. § 33-2-34 and

§ 33-8-14 (repealed 1999) provide inmates with the opportunity to earn good time credits.

Clarifying what could be construed as a conflict between these statutes, in Compton, the New Mexico Supreme Court held that, with § 31-21-10(A), "the Legislature intended that an inmate serving a life sentence should not be released on parole prior to serving thirty years in prison, no matter how many good-time credits that inmate may have accumulated." 81 P.3d at 44. Relying on Stephens v. Thomas, 19 F.3d 498, 501 (10th Cir. 1994), and Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996), the court further held that a state prisoner "does not have a liberty interest in having erroneously granted past or future good-time credits reduce his parole-eligibility date beneath that thirty-year period." Compton, 81 P.3d at 46-47; see Martinez v. New Mexico, 772 P.2d 1305, 1305-06 (N.M. 1989) (holding that an inmate sentenced to life imprisonment is not entitled to have the mandatory thirty-year sentence reduced based on good time credits). In light of these precedents, Mr. Woodward's claim is not reasonably debatable. See Davis v. Bravo, 22 F. App'x 971 (10th Cir. 2001) (unpublished) (denying a COA on similar claim as foreclosed by circuit precedent). To the extent that Mr. Woodward is attempting to ask this court to reexamine a question of state law, we are limited to determining "whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Therefore, we agree with the district court that Mr. Woodward has no basis

for asserting a federal due process claim based on the refusal of corrections officials to apply good time credits to his parole eligibility date.  See Stephens, 19 F.3d at 501 ("The revocation of good time credits from a life term prisoner who has served less than [thirty] years of his sentence . . . does not implicate the Due Process Clause.").

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge