**Matthew STARON, et al.**

v.

**McDONALD'S CORPORATION.**

No. 3:93CV00665(TFGD).

United States District Court,
D. Connecticut.

March 9, 1994.

Robert Farr, Heffernan, Farr, McChord & Morelli, Hartford, CT, for Staron.

Carter K. Combe, Joel L. Finger, Robert H. Liddle Jr., Roberts & Finger New York City, Peter J. Lefeber, Wiggin & Dana, New Haven, CT, for McDonald's Corp.

District Court Order

DALY, District Judge.

After careful review of the record, and over objection, Magistrate Judge Margolis' well-reasoned Recommended Ruling is hereby AFFIRMED, APPROVED and ADOPTED. The Clerk of Court is directed to close the file in this action.

SO ORDERED.

*RECOMMENDED RULING ON
DEFENDANT'S MOTION
TO DISMISS*

MARGOLIS, United States Magistrate Judge.

On March 30, 1993, plaintiffs filed this action against defendant McDonald's Corp.,

pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ["ADA"]. Plaintiffs, three children with asthma and one adult mother with lupus, allege that at separate times, each attempted to enter an unspecified number of defendant's restaurants, but that the tobacco smoke present made them unable to enter (Complaint, Statement of Facts, ¶¶ 2–6). They seek protection as "disabled persons" who are being discriminated against by the presence of tobacco smoke in defendant's "fast food" restaurants, and request relief in the form of a nationwide ban on smoking in all of defendant's restaurants (*id.*, Relief Requested, ¶¶ 1–2).

On May 24, 1993, defendant filed the pending motion to dismiss and brief in support (Dkt. ## 8–9).[1] On June 28, 1993, plaintiffs filed their brief in opposition (Dkt. # 13). With permission of the Court (*see* Dkt. # 15), on July 15, 1993, defendant filed a reply brief (Dkt. # 16). With further permission of the Court (*see* Dkt. # 19), on October 18, 1993, defendant filed a supplemental brief and affidavit (Dkt. # 20).[2]

On September 7, 1993, this motion was referred to this Magistrate Judge (Dkt. # 17). For the reasons stated below, defendant's motion is granted.

## I. DISCUSSION

In a motion to dismiss under Rule 12(b)(6), the complaint's allegations are assumed to be true and all reasonable inferences are drawn in favor of the opposing party. *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). "In determining the adequacy of a claim ... consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991) (citation omitted).

The strong Congressional intent in enacting the ADA is set forth in 42 U.S.C. § 12101(a) & (b), including the provision of "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," § 12101(b)(1). The ADA is applicable to a broad range of entities, including "public accommodation[s]." § 12181(7). There is no dispute that defendant's "fast food" restaurants qualify as "public accommodations" in that their operation "affect[s] commerce" and that they are "a restaurant, bar, or other establishment serving food or drink" § 12181(7)(B). For the purposes of this motion, defendant concedes that plaintiffs are "disabled" under the ADA (Dkt. # 9, at 2 n. 1).

Under the ADA, public accommodations are required "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities," however, no such modifications are necessary if "the entity can demonstrate that making such modifications would fundamentally alter the nature of such

---

1. Attached to defendant's brief was a copy of the unpublished decision in *Pletten v. Merit Systems Protection Board*, 908 F.2d 973 (6th Cir.1990).

2. Attached to defendant's motion (Dkt. # 19) was a copy of *Harmer v. Virginia Electric & Power Co.*, 831 F.Supp. 1300 (E.D.Va.1993) (Exh. 1).

   The supplemental affidavit was submitted by defense counsel, with the following eight exhibits previously submitted to the Connecticut Commission on Human Rights and Opportunities ["CCHRO"]: copy of statement of Penny Staron, mother of plaintiff Matthew Staron, and of defendant's response, dated April 1993, to Staron's CCHRO complaint (Exh. A); copy of statement of Shelly Naples, mother of plaintiff Brandon Naples, and of defendant's response, dated April 1993, to Naples' CCHRO complaint (Exh. B); copy of statement of Roseanne Champagne, mother of plaintiff Jennifer Champagne, and of defendant's response, dated April 1993, to Champagne's CCHRO complaint (Exh. C); copy of affidavit of plaintiff Linda Ravenell, dated February 16, 1993, and of defendant's response, dated April 1993, to Ravenell's CCHRO complaint (Exh. D); copies of CCHRO's dismissals, dated August 12, 1993, of the Staron, Naples, and Champagne complaints (Exhs. E–G); and copy of CCHRO's dismissal, dated September 23, 1993, of the Ravenell complaint (Exh. H).

goods, services, facilities, privileges, advantages, or accommodations." § 12182(b)(2)(A)(ii).

 However, the ADA further provides that "[n]othing in this chapter shall be construed to preclude the prohibition of, or *the imposition of restrictions* on, smoking in ... places of public accommodation covered by subchapter III of this chapter (regarding public accommodations)." § 12201(b) (emphasis added). The Department of Justice, which was charged with developing regulations for the implementation of the ADA with respect to public accommodation, § 12206(c)(2)(C), concluded, after public comment, allergies to tobacco smoke must be considered on a "case-by-case analysis...." 56 Fed.Reg. 35549 (July 26, 1991). Thus, it is clear that the ADA, by itself, does not mandate a "blanket ban" on smoke in "fast food" restaurants.

 The issue thus becomes one of "reasonable modifications" under § 12182(b)(2)(A)(ii). As defendant aptly points out in its brief (Dkt. # 9 at 22), defendant's myriad restaurants differ from one another in terms of "seating configuration, ventilation, policies, [and] local smoking ordinances...." It is not reasonable, under the ADA, to impose a blanket no-smoking ban on *every* McDonald's Restaurant where there are certain restaurants which reasonably can accommodate a "no-smoking" area.

Such conclusion is consistent with those reached in the limited number of decisions, under the ADA or the Rehabilitation Act, regarding employees who required a smoke-free work environment. *See Harmer v. Virginia Electric & Power Co.*, 831 F.Supp. 1300, 1306–07 (E.D.Va.1993) (defendant-employer not required under ADA to ban smoking from entire corporate headquarters in order to accommodate plaintiff); *Vickers v. Veterans Administration*, 549 F.Supp. 85 (W.D.Wash.1982) (same conclusion reached under Rehabilitation Act).[3]

While this judicial officer is sympathetic to the legitimate concerns raised by the plaintiffs here, the ADA, as presently written, simply does not support the broad-based claims made by plaintiffs and in particular, does not give rise to the expansive injunctive relief sought by them. The significant public policy issues regarding smoking in "fast food" restaurant are better addressed by Congress or by the Connecticut General Assembly, or by the good business judgment of McDonald's itself.

## II.  CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Dkt. # 8) is *granted.*

*See* 28 U.S.C. § 636(b) **(written objections to ruling must be filed within ten days after service of same);** F.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS,* 892 F.2d 15, 16 (2d Cir.1989) **(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 11th day of January, 1994.

---

3. Given this conclusion, there is no need to address the issues of collateral estoppel raised in defendant's supplemental brief (Dkt. # 20).