**Les JANKEY, Plaintiff–Appellant,**

v.

**TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation, Defendant–Appellee.**

**No. 98–56585.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2000

Filed May 16, 2000

---

Francisco, California, for the plaintiff-appellant.

David H. Raizman, Bryan Cave, Santa Monica, California, for the defendant-appellee.

Before: REINHARDT and O'SCANNLAIN, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge:

Les Jankey appeals from the district court's summary judgment in favor of Twentieth Century Fox Film Corporation (Fox) on his claim of disability discrimination under the public accommodations provisions of Title III of the Americans with Disabilities Act (the Act), 42 U.S.C. §§ 12181–12189. We must decide whether facilities that fall within one of the categories of public accommodations specified in the Act are exempt if they are not in fact open to the public.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are not in dispute. Fox operates a film and production facility (the Lot) in Los Angeles. Daytime access to the Lot is restricted to Fox employees and their authorized business guests. Fox security personnel posted at the entrance to the Lot maintain a list of authorized visitors, and admit only employees and persons on the list.

Jankey, who is confined to a wheelchair, is disabled within the meaning of the Act. He has frequently visited the Lot for business purposes over the past twenty years, almost always on a visitor's pass. He contends that while there he was unable to

Thomas E. Frankovich, Thomas E. Frankovich and Richard K. Jolliffe, San

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

access the Commissary, the Studio Store, and an Automatic Teller Machine (ATM) (collectively, the Facilities), all located on the Lot, because they were not equipped to accommodate wheelchairs.

Jankey filed a complaint in district court alleging violations of Title III of the Act prohibiting "public accommodations" from discriminating on the basis of a disability. The complaint also alleged various state law violations. The district court granted summary judgment, holding that because the Facilities were not places of public accommodation they were not covered by the Act. The court dismissed the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

## DISCUSSION

■ We review de novo the district court's grant of summary judgment. *See Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999). Because the parties do not dispute the facts, our review is limited to whether the district court correctly applied the relevant substantive law. *See Alltel Information Services, Inc. v. Federal Deposit Ins. Corp.,* 194 F.3d 1036, 1038 (9th Cir.1999).

Section 302 of the Act prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who ... operates a place of public accommodation." 42 U.S.C. § 12182(a). The Act lists twelve categories of private entities that are "public accommodations," including:

   (B) a restaurant, bar or other establishment serving food or drink;

   . . .

   (E) a ... clothing store ... or other sales or rental establishment;

   (F) a ... bank ... or other service establishment. . . .

42 U.S.C. § 12181(7).

■ The district court found that the Facilities-the Commissary, the Studio

Store and the ATM-were not places of public accommodation subject to the Act. On this appeal, Jankey contends that because the Facilities fall within the descriptive language of the categories specified in § 12181(7)(B), (E) and (F), they are public accommodations subject to the Act. With respect to these Facilities, he contends, Fox is therefore subject to Title III because it operates places of public accommodation.

Jankey's argument is premised on the assumption that if a facility falls within a § 12181 category, the Act applies regardless of whether it is open to the public. This argument, for which we have found no support, ignores the plain language of § 12187, which states: "The provisions of [Title III] shall not apply to private clubs or establishments exempted from coverage under Title II of the Civil Rights Act." 42 U.S.C. § 12187. Title II of the Civil Rights Act, in turn, exempts from coverage any "private club *or other establishment not in fact open to the public.*" 42 U.S.C. § 2000a(e) (emphasis added); *see also Clegg v. Cult Awareness Network,* 18 F.3d 752, 755 n. 3 (1994) ("Only when the facilities are open to the public at large does Title II govern."). Given the plain language of § 12187 and § 2000a(e), we reject Jankey's contention that Title III applies to a facility described in 42 U.S.C. § 12181(7) regardless of whether it is open to the public.

Because Jankey does not dispute that the Facilities are "establishment[s] not in fact open to the public" our analysis needs go no farther.

AFFIRMED.