George LOUIE and Frederick
Shotz, Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE,
a New York Unincorporated
Association, Defendant.

No. 01–7540–CIV.

United States District Court,
S.D. Florida.

Feb. 1, 2002.

Matthew Dietz, Esq., Miami, FL, for Plaintiffs.

Anna Maria Estevez, Esq., Morgan, Lewis & Bockius LLP, Miami, FL, for Defendant.

### FINAL ORDER OF DISMISSAL AS TO COUNT II ONLY

ZLOCH, Chief Judge.

THIS MATTER is before the Court upon the Defendant, National Football League's Motion To Dismiss Count II of Plaintiffs' Complaint (DE 3). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

The Plaintiffs, George Louie and Frederick Shotz, commenced the above-styled cause by filing a Complaint (DE 1), alleging that Defendant, the National Football League (hereinafter "the NFL") has violated the Americans with Disabilities Act of 1990 (hereinafter "the ADA"), 42 U.S.C. § 12101, *et seq.* and sections 413.08, 509.092, and 760.07 of the Florida Statutes. In the instant Motion To Dismiss (DE 3), the NFL asserts that this Court lacks subject matter jurisdiction over Count II of the Plaintiffs' Complaint as Plaintiff Frederick Shotz (hereinafter "Shotz") cannot establish a prima facie case of discrimination under Title III of the ADA. The NFL also asserts that Count II of the Complaint should be dismissed as Plaintiff Shotz lacks standing under the ADA.

### I. MOTION TO DISMISS STANDARD

■ The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal Federal Rules of Pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), wherein the Court stated:

> ... In appraising the sufficiency of the Complaint we follow ... the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory he relies on since the Court must determine if the allegations provide relief on any possible theory. *See Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967).

### II. TITLE III OF THE ADA

In Count II of the Plaintiffs' Complaint (DE 1), Plaintiff Shotz has alleged that the NFL has violated the ADA. Specifically, Shotz alleges that the lottery ticket disbursement method, by which the NFL distributes Super Bowl tickets to the general

public, "disenfranchises their disabled customers their right to obtain available accessible seats pursuant to the Americans with Disabilities Act." (DE 1, Complaint at ¶ 40). Shotz contends that he has unsuccessfully attempted to obtain a Super Bowl ticket through the lottery in the past, and that he has placed, or is going to place, his name in the lottery for Super Bowl XXXVI. *Id.* at ¶ 24. Shotz seeks an injunction to prohibit the NFL from continuing its alleged discriminatory process of distributing tickets. The NFL asserts that Count II of the Plaintiffs' Complaint should be dismissed as Shotz cannot establish a prima facie case of discrimination under Title III of the ADA.

The Court notes that Title III of the ADA provides in relevant part that:

> No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. 12182(a).

█ Thus, in order to establish a prima facie case of discrimination under Title III of the ADA a plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was discriminated against in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation; and (3) that the discrimination was on the basis of his disability. *Id. See also Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir.2001) (stating elements of prima facie case for discrimination under Title II of the ADA). For the purposes of this Motion the NFL concedes that Shotz is a qualified individual with a disability. However, the NFL asserts that Shotz cannot establish the second and third elements of his prima facie case.

Turning to the second element of a prima facie case under Title III, the Court notes that a plaintiff must show that the alleged discriminatory practice at issue involves a place of public accommodation as defined by the statute. *Stoutenborough v. National Football League*, 59 F.3d 580 (6th Cir.1995). As previously mentioned, Shotz alleges that he has in the past entered the random lottery drawings held by the NFL for Super Bowl tickets and he has failed to win a ticket. Shotz also alleges that the NFL's Super Bowl lottery ticket disbursement process disenfranchises disabled customers their right to obtain available accessible seats.

█ The Court notes that the discriminatory practice alleged by Shotz, the NFL's Super Bowl ticket disbursement policy, does not qualify as a public accommodation and thus does not fall within the rubric of Title III. The Court notes the plain meaning of Title III is that a public accommodation is a place, thus, "it is all of the services which the public accommodation offers, not all services which the lessor of the public accommodation offers, which fall within the scope of Title III." *Id.* at 583. In the instant case Shotz is challenging the NFL's Super Bowl ticket disbursement policy and seeks to have this Court rule that this process places Shotz at a disadvantage to secure seats to the Super Bowl in violation of Title III. The Court notes that the stadium in which the Super Bowl is played is considered a place of public accommodation. *See* 28 C.F.R. § 36.104. However, the Court further notes that Shotz has failed to allege any discrimination based upon any place of public accommodation. Rather, Shotz has simply alleged that he has tried to obtain a ticket though the NFL's Super Bowl lottery and has failed. Based on these facts the Court concludes that Title III of the ADA cannot apply to the NFL's process of

conducting a random lottery to disburse tickets to the Super Bowl. *See Stoutenborough,* 59 F.3d 580 (6th Cir.1995) (court held that the televised broadcast of a blacked-out football game is not subject to the provisions of Title III); *Rendon v. Valleycrest Productions, Ltd.,* 119 F.Supp.2d 1344 (S.D.Fla.2000) (court held that Title III public accommodation provisions did not apply to the process of selecting contestants to participate in a quiz show through an automated telephone system); *Brown v. 1995 Tenet ParaAmerica Bicycle Challenge,* 959 F.Supp. 496 (N.D.Ill.1997) (court dismissed plaintiff's Title III complaint where plaintiff alleged that he was denied a chance to participate in a cycling race).

In his Response (DE 4) to the instant Motion To Dismiss, Shotz contends that the NFL's Super Bowl ticket distribution method, whereby the NFL distributes a majority of the tickets to teams and corporate sponsors, dilutes his chances of obtaining a ticket to the Super Bowl and thus violates the ADA. The Court notes that Count II of the Complaint only alleges that the Shotz attempted to obtain a ticket to the Super Bowl through the NFL's random Super Bowl lottery drawing. The Court further notes that generally, plaintiffs have liberal pleading requirements in federal courts, however, it is not the case that a court has a duty to re-write the plaintiff's complaint in the face of a pending motion to dismiss. *See Peterson v. Atlanta Housing Auth.,* 998 F.2d 904, 912 (11th Cir.1993). Here, by arguing that his claim is based on the entire Super Bowl ticket distribution method, Shotz is asking this Court to re-write his complaint. This the Court will not do.

Even assuming, arguendo, that Shotz had alleged in Count II of the Complaint that the NFL's entire Super Bowl ticket distribution method was in violation of Title III, the Court notes that this claim would still fail as the distribution of Super Bowl tickets to corporate sponsors and NFL teams does not involve a place of public accommodation as defined by Title III. Further, the Court notes that Shotz's claim would also fail as the tickets distributed by the NFL to its teams and corporate sponsors, similar to those tickets distributed through the random lottery, are not available indiscriminately to non-disabled individuals. *See e.g., Louie v. Ideal Cleaners, et al.,* 1999 WL 1269191 (N.D.Cal.1999) (court held that employee-only restroom was not a public accommodation, even though the dry cleaner itself was a place of public accommodation, because both non-disabled and disabled customers were denied access); *Jankey v. Twentieth Century Fox Film Corp.,* 14 F.Supp.2d 1174 (C.D.Cal.1998), *aff'd,* 212 F.3d 1159 (9th Cir.2000) (district court held that movie studio lot was not a public accommodation as it was not available indiscriminately to non-disabled members of the public). Finally, the Court notes that the ADA does not require the NFL to provide Shotz or other disabled individuals a ticket to the Super Bowl due to their disabled status, rather, the ADA prohibits the NFL from denying Shotz and other disabled individuals an opportunity to obtain a Super Bowl ticket. *See Access Now, Inc. v. South Florida Stadium Corp., et al.,* 161 F.Supp.2d 1357, 1367 (S.D.Fla. 2001) (court held that the ADA does not require a facility to afford a disabled customer a greater opportunity to purchase a seat than a non-disabled customer); *see also Independent Living Resources v. Oregon Arena Corp.,* 1 F.Supp.2d 1159, 1170 (D.Or.1998) (court stated that the ADA ordinarily does not require an arena operator to give disabled customers a special right to purchase tickets for events if comparable tickets would not be available to non-disabled customers). Consequently, the Court finds that Shotz has not suffered

any discrimination which was based on his disability as required by Title III.

Based on the foregoing the Court finds that Shotz is unable to establish a prima facie case of discrimination under Title III of the ADA and consequently, this Court lacks subject matter jurisdiction over Count II of the Plaintiffs' Complaint (DE 1).

### III. *STANDING*

Having determined that Shotz cannot establish his prima facie case of discrimination under Title III, the Court will not address whether Shotz lacks standing to bring the aforementioned claim.

Accordingly, after due consideration it is,

**ORDERED AND ADJUDGED** that the Defendant National Football League's Motion To Dismiss Count II of Plaintiffs' Complaint (DE 3) be and the same is hereby **GRANTED** and Count II of the Plaintiffs' Complaint (DE 1) be and the same is hereby **DISMISSED** with prejudice.