MURDOCK, Justice
(dissenting).
Although I understand that it is difficult to have much sympathy for someone who “pulls” a gun on another person for any reason, I must agree with Chief Justice Moore that it is hard to avoid the conclusion that there is an injustice in the result in this case: a conviction for robbery and a 35-year prison sentence for the theft of a meal from a restaurant. Unfortunately, of course, fairness and the result required by the law in a given case are not always the same. That said, I specifically am compelled to dissent because in this case I believe they are the same. I hold this belief for several reasons.
As Chief Justice Moore notes at the outset of Part IV of his dissent, Alabama law expressly provides that “ ‘the crime of theft of services’ ” includes the theft of “ ‘accommodation in ... restaurants.’ ” 143 So.3d at 749 (quoting § 13A-8-10, Ala. Code 1975 (emphasis omitted)). It cannot be disputed that Cornelius Newman took, without paying for, “accommodation in a restaurant” and therefore could have been prosecuted for theft of services under § 13A-8-10. Newman, however, was not prosecuted under that statute but instead was prosecuted under § 13A-8 — 41(a), Ala. Code 1975, for the crime of robbery, which, for the reasons explained in Chief Justice Moore’s dissent, has as an element a theft of property under § 13A-8-43, Ala. Code 1975. Such a conviction for robbery *753 can be sustained in this case only if we can conclude that the legislature intended that the failure to pay a restaurant bill could be treated as either the crime of theft of services or the crime of theft of property, or both. I do not believe that we can conclude that the legislature intended such dual treatment in a case of a theft from a restaurant any more than we can conclude that it intended such dual treatment for the theft of a can of goods from a shelf in grocery store (which are available on that shelf only because of the “service” rendered by store clerks in “stocking” them on that shelf).
Put more directly, the real question in this case is not whether the food served by a restaurant constitutes “property,” but whether the food was considered by the legislature to be part of the “accommodation” provided by the restaurant. In § 13A-8-10, the legislature chose to establish the crime of theft of services and, furthermore, to include within that crime the theft of “accommodation in ... restaurants.” § 18A-8-10(b), Ala.Code 1975. I believe the plain and “everyday” meaning of these provisions is that the legislature intended by these provisions to refer to a theft of whatever it is that restaurants provide to their customers. Common experience and the common understanding of the terms involved tell us that tangible food served to customers dining in a restaurant is part of the “accommodation in ... restaurants” to which the legislature was referring in § 13A-8-10.
In addition, this plain, everyday meaning is supported by dictionary definitions and the treatment of these same concepts in the statutory law and caselaw of this and other jurisdictions. The first definition of “accommodation” in Merriamr-Webster’s Collegiate Dictionary 8 (11th ed. 2003) is “[sjomething supplied for convenience or to satisfy a need: as a: lodging, food, and services or traveling space and related services. ...” Similarly, one definition of the term “accommodation” in Webster’s New International Dictionary of the English Language Unabridged 15 (2d ed. 1957) is “[wjhatever supplies a want or affords ease, refreshment, or convenience; anything furnished which is desired or needful; — often in pl[ural]; as, the accommodations (that is, lodgings and food) at a hotel.” (Final emphasis added.) These definitions indicate that the phrase “accommodation in ... restaurants” refers to both service of food to the customer and the food itself. Cf. § 13A-8-l(10), Ala. Code 1975 (defining “property” for purposes of theft and explaining the legislature’s intent that, although a delivered commodity constitutes property, the delivery of that commodity by a consumer is “deemed a rendition of a service rather than a sale or delivery of property”). See also State v. Rientjes, 130 Wash.App. 1029 (2005) (not reported in P.3d) (discussing a state statute making it a crime to obtain hotel or restaurant accommodations by fraud and applying the rule that where there is both a general and a special statute punishing conduct, an accused can be charged only under the special statute); Jankey v. Twentieth Century Fox Film Corp., 212 F.3d 1159, 1161 (9th Cir.2000) (discussing a federal statute defining “public accommodations” as including “a restaurant, bar or other establishment serving food or drink”); Gigliotti v. Wawa Inc., (No. CIV-A-99-3432, February 2, 2000) (E.D. Pa.2000) (not reported in F.Supp.2d) (discussing Title II of the Civil Rights Act of 1964 and its prohibition of discrimination in places of “public accommodation,” 42 U.S.C. § 2000a, and defining “public accommodation” as including “any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises”); Staron v. McDonald’s Corp., 872 F.Supp. 1092, 1093 *754 (D.Conn.1994) (discussing the Americans with Disabilities Act and its applicability to “public accommodations” defined in the Act to include “a restaurant, bar or other establishment serving food or drink”); and State v. Hams, 6 Kan.App.2d 721, 722, 633 P.2d 1171, 1173 (1981) (discussing K.S.A. 36-206, which makes it a crime to obtain by fraud “food, lodging, or other accommodation at any restaurant”).
Finally, the foregoing understanding of the statutes in question is bolstered by the “fundamental rule that criminal statutes are construed strictly against the State.” Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala.2000). As this Court stated in Ex parte Bertram, 884 So.2d 889 (Ala.2003):
“ ‘A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert, denied, 265 Ala. 700, 90 So.2d 238 (1956).
[[Image here]]
“ ‘No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, [257 Ala. 502, 60 So.2d 202 (1952) ].’ ”
884 So.2d at 891 (quoting Clements v. State, 370 So.2d 723, 725 (Ala.1979), quoted in whole or in part in Ex parte Murry, 455 So.2d 72, 76 (Ala.1984), and in Ex parte Walls, 711 So.2d 490, 494 (Ala.1997) (emphasis omitted)). See also State v. Rientjes, supra (holding that Washington’s more specific theft-of-services statute governs over its more general theft statute where both might otherwise be applicable); People v. Fiene, 226 Cal.App.2d 305, 308, 37 Cal.Rptr. 925, 927 (1964) (invoking a similar rationale).
PARKER, J., concurs.