NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENRY ALLEN,

   Plaintiff - Appellant,

 v.

CELLCO PARTNERSHIP, doing business as Verizon Wireless; NEW CINGULAR WIRELESS PCS, LLC, doing business as AT&T Mobility; WEST COAST TOWER HOLDINGS, LLC,

   Defendants - Appellees,

and

DISH WIRELESS LLC,

   Defendant.

No. 24-4573

D.C. No.
1:23-cv-00559-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted April 23, 2025
Coeur d'Alene, Idaho

Before: TALLMAN, N.R. SMITH, and R. NELSON, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Henry Allen appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his action under Title III of the Americans with Disabilities Act (ADA) against Cellco Partnership; New Cingular Wireless PCS, LLC; and West Coast Tower Holdings, LLC (collectively, Defendants). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

1. "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). However, "Congress did not define 'a place of public accommodation'" in the definition section of Title III. *See Langer v. Kiser*, 57 F.4th 1085, 1100 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 823 (2024), *reh'g denied*, 144 S. Ct. 1132 (2024). Instead, it "provided an illustrative list of twelve types of private entities that qualify as public accommodations." *Id.* "All the items on this list, however, have something in common. They are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).

To state a claim for discrimination under Title III of the ADA, a plaintiff must show "some connection between the good or service complained of and an actual physical place." *Id.* Title III's reach is not limited to "services occurring on the premises of a public accommodation." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904–05 (9th Cir. 2019) ("The statute applies to the services *of* a place of public accommodation, not services *in* a place of public accommodation." (quotation marks omitted)). The interpretation of this statute presents a question of law we review de novo. *See Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019).

Here, Allen claims that the radio-frequency (RF) radiation from a wireless transmitting facility (Tower), used to provide cell service to Defendants' customers, is a public place of public accommodation.[1] Even though an RF field may have "boundaries" or ranges with differing levels of frequency set forth by the Federal Communications Commission, an RF field does not have the same physical characteristics to qualify as an "actual physical place" similar to the public accommodation entities set forth in 42 U.S.C. § 12181(7). *See Weyer*, 198

---

[1] Allen does not allege that he cannot *access* the services provided by Defendants, but rather that he has unequal use and enjoyment of the services as they exist because of his disability. However, Title III "does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided." *Weyer*, 198 F.3d at 1115. In other words, Title III was enacted to prohibit discrimination; it was not enacted to protect people with disabilities from injury. *See* 42 U.S.C. §12101(b).

F.3d at 1114 ( explaining that "[t]he principle of *noscitur a sociis* requires that the term, 'place of public accommodation,' be interpreted within the context of the accompanying words, and this context suggests that some connection between the good or service complained of and an actual physical place is required").

Accordingly, because Allen's first amended complaint failed to allege that Defendants operate a place of public accommodation, the district court did not err in dismissing Allen's Title III claim with prejudice.

2.      An RF field is also not equivalent to a website that facilitates access to the goods or services of a place of public accommodation. *See Robles*, 913 F.3d at 904–05. Allen argued that the RF field is a service associated with the Tower.[2] However, Allen concedes the Tower is not open to the public. Therefore, it does not qualify as a place of public accommodation, so there is no nexus between the RF field and a place of public accommodation. *See id.* at 905; *Jankey v. Twentieth Century Fox Film Corp.*, 212 F.3d 1159, 1161 (9th Cir. 2000) (holding that Title III does not apply to facilities that are "*not in fact open to the public*" (citation

---

[2] For the first time on appeal, Allen argues that the RF field is associated with a physical retail store. Although a physical retail store would be a place of public accommodation, Allen did not make this argument below and the argument is forfeited. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) ("Because these arguments were not raised before the district court, they are waived."). Even if not forfeited, the argument lacks merit, because Allen was not prevented from accessing the services of the retail locations because of the RF field. *See Robles*, 913 F.3d at 905.

omitted)).

**AFFIRMED.**